(March 7, 1911.)

## PROGRESSIVE IRRIGATION DISTRICT, Respondent, v. CHRISTIAN ANDERSON, Appellant.

[114 Pac. 16.]

IRRIGATION DISTRICT—CONFIRMATION OF—STATUTORY CONSTRUCTION—RECONFIRMATION—LIMITATIONS—STATUTE OF—PUBLIC CORPORATION—EXISTENCE—CHALLENGE—DECREE OF CONFIRMATION—WAIVER OF—LANDS NOT BENEFITED—EXCLUSION OF.

(Syllabus by the court.)

1. *Irrigation Dist. v. Brose,* 11 Ida. 474, 83 Pac. 499, was decided under the provisions of the irrigation act of 1903 (Sess. Laws, p. 150). Sec. 11 of that act required the board of directors to commence special proceedings to confirm the assessment of benefits, and sec. 15 of that act required a like proceeding for the approval of any proposed bond issue. Sec. 16 of said act contains the general provisions now found in sec. 2401, Rev. Codes, and provides that the board of directors of an irrigation district may go into the district court for a confirmation of all of the proceedings in regard to the organization of a district and the entire proceedings may be confirmed in one action.

2. Where confirmation proceedings were had of the organization of the district and thereafter assessment of benefits was made, and a proceeding brought for the confirmation of such assessment, and a reconfirmation of all the proceedings in connection with said district, the application for a reconfirmation did not waive any benefits secured to the district by the confirmation.

3. Under the following provision of sec. 2377, Rev. Codes, to wit, "No action shall be commenced or maintained, or defense made affecting the validity of such organization after two years from and after

making and entering said order" (the order referred to being the one made by the board of county commissioners declaring the due organization of an irrigation district), the time is limited to two years in which any action may be commenced or maintained or defense made affecting the validity of the organization of such district.

4. If the district officers do not move to have the proceedings for the organization of such irrigation district confirmed within two years, anyone interested may by proper action have the question as to the legality of the organization of such district determined by the district court.

5. The provisions of the statute concerning the confirmation of all proceedings in the organization of such districts were enacted for the object and purpose of binding the state as well as all others in regard to all of the proceedings for the organization of such districts, their boundaries and the land included therein, and to set at rest at an early date the legal existence of the district.

6. *Held,* that the filing of a petition for reconfirmation of proceedings for the organization of an irrigation district does not waive the statute of limitations.

7. The fact that the board of county commissioners did not declare the district duly organized on the day that they canvassed the vote cast for the organization of the district does not affect the order declaring the organization of the district.

8. Where it appears to the court in the proceedings for confirmation that said district contains some lands not benefited, the court has jurisdiction to exclude such lands.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. James M. Stevens, Judge.

Action to confirm the organization and the issuance of bonds by the Progressive Irrigation District. Judgment of confirmation entered by the trial court. *Affirmed.*

O. E. McCutcheon, for· Appellant.

When the commissioners complete their proceedings and the district is organized, its existence and boundaries are notice "to all inhabitants of the district and the world." (*Fogg v. Perris Dist.*, 154 Cal. 209, 97 Pac. 316, at 319.)

It is a question not settled in this state whether, after one confirmation proceeding as in this case, a second proceeding

may be had, to cover the same matter, or, as done here, to cover not only the proceedings subsequent to the bond authorization, but make it go back and reconfirm the previous proceedings also. That was held proper in *Fogg v. Perris Irr. Dist., supra.*

Otto E. McCutcheon, for Respondent.

The laws of 1903 did not expressly authorize separate confirmation proceedings at different stages of the matter, but amended sec. 2401, Rev. Codes, authorizes a proceeding after the organization of the district is complete, or after the authorization of bonds, and again after subsequent proceedings; they may be in the name of reopening the same case, but are not to be considered as authorizing a rehearing of the matter theretofore heard and decided.

In some degree this act of 1907 is declaratory of the law as it had been decided in California. (*Board of Directors v. Tregea,* 88 Cal. 334, 26 Pac. 237, at 244.) We pursued that course, that is, after the organization and bond issue, we had the proceedings confirmed. Then after the assessment of benefits we had that confirmed and extended the proceeding to a reconfirmation of the whole proceedings. (*Fogg v. Perris Irr. Dist.,* 154 Cal. 209, 97 Pac. 316, at 319; *People v. Linda Vista Dist.,* 128 Cal. 477, 61 Pac. 86, at 88.)

This appellant cannot question the organization of the district, first, by reason of the limitation in sec. 2377, Rev. Codes; and, second, because of the first decree. Sec. 2377 says, "No action shall be commenced or maintained or defense made affecting the validity of such organization, after two years from" the organization of the district.

The limitation was doubtless enacted to set at rest at an early date, the existence of the district in view of its importance, both to inhabitants and bondholders. (*People v. Perris Dist.,* 142 Cal. 601, 76 Pac. 381.)

If the district officers do not move to have confirmation within the two years, yet a private party has his remedy by an action through the attorney general to oust the district. (See *Linda Vista Case,* 128 Cal. 477, 61 Pac. 86; *Perris Case,* 132

Cal. 289, 64 Pac. 399, 773.)   And if this is not done and confirmation takes place, it cannot be done afterward.   Both the state and all parties are bound by the decree of confirmation. And it would seem, also, from these cases and our amended statute of 1907, that this defendant, in attempting under the second confirmation proceeding to challenge the organization, makes a collateral attack on the first decree of confirmation.

We maintain that the district may safely wait the two years before commencing any confirmation proceedings, and then have the benefit of the statute of limitations.

It was manifest to the court that the land of cross-complainants was included by mistake and excluding it would be right to all parties.   So, conceding that technically the court could not exclude it, yet its exclusion affects no substantial right, and no one claims it does.   (*Irrig. Dist. v. Brose,* 11 Ida. 474, at 487–489, 83 Pac. 499.)

The board of commissioners, like other parliamentary bodies, have the right to adjourn from time to time and do not lose any jurisdiction by such adjournments.   (28 Cyc. 328.)

SULLIVAN, J.—This proceeding was begun by the board of directors of the Progressive Irrigation District, located in Bingham and Fremont counties, for the approval and confirmation of all the proceedings for the organization of said district, the issuance of $350,000 worth of bonds of the said district, an apportionment and distribution of the benefits of the land in said district, and the distribution of all costs in said matter.

It appears that the district court of Bingham county had confirmed the proceedings for the organization of said district on November 17, 1909, in which decree the court found that all of the proceedings had been regular and according to law.   From that petition it appears that on June 8, 1907, the petition for the organization of said district was filed with the board of county commissioners of said county; that said district was in Bingham and Fremont counties, the greater part being in Bingham county.   Notice of intention to pre-

sent the petition to said board at its regular July meeting, 1907, was duly given, and the petition was presented at said meeting. The hearing thereon was ordered for August 6, 1907, and the clerk of said board gave due notice thereof. The proper papers were filed in the state engineer's office more than four weeks before said date. Upon said day the state engineer's report had not been received, and said board adjourned the hearing until September 2d, 1907, and on the last-mentioned date a further adjournment was taken until the 14th of October, 1907. Due notice of said adjournments was given. The board considered the matter on October 14, and there being no objection to the organization of said district, an election was ordered to be held December 18, 1907, and notice thereof given by publication in two newspapers. Said election was held on that date, and on December 23, 1907, the county commissioners met and canvassed the vote and found the result to be seventy-four in favor and two against, and further found that John Empey, James E. Steele, and J. H. Emery had been elected directors. The board of county commissioners, however, did not make their order declaring the district organized until their regular meeting, January 13, 1908. The directors of said district at a meeting held October 6, 1908, formulated its general plan and concluded that it was necessary to issue bonds in the sum of $350,000, and on February 5, 1909, ordered an election to determine the question of issuing said bonds, which election was held on March 22, 1909, pursuant to notices given and resulted in favor of the bonds, ninety-one votes to eighteen.

A petition was filed in the district court of Bingham county on October 11, 1909, praying for the confirmation of the organization of said district, and on the same day an order was entered by the court fixing the hearing for November 17, 1909, and notice thereof properly given. Sundry defendants appeared and demurred and a part of the same defendants answered and filed cross-complaints.

The cross-complaints alleged that said defendants had lands under the Enterprise Canal, which was an independent canal system, and that they had been erroneously included in the

Progressive Irrigation District, and by consent the decree of confirmation left such parties out of the district on the ground that they received no benefits.  On December 17, 1909, the court entered its decree whereby it found that all proceedings in connection with the organization of said district. had been regular and according to law, and that there had been no errors, irregularities or omissions affecting the sub-stantial rights of any of the interested parties.

It appears that said irrigation district was duly organized and became a lawful district January 13, 1908, the date when the county commissioners declared that to be the result of the proceedings had before it.  The court also decreed that the proceedings in regard to bonding said district were according to law and ratified and confirmed all of said proceedings. Thereafter, on August 4, 1910, the directors of the irrigation district made their estimate of $350,000, and passed their resolution declaring benefits of $11.75 per acre, and made the list of apportionment and distribution under the provisions of sec. 2399, Rev. Codes, after having given the notice required by sec. 2400, Rev. Codes.

The petition for confirmation in this case with the required exhibits attached was filed October 1, 1910, and on the same day the court made an order for a hearing on November 7, 1910, due notice of which was given.  General default was entered November 21, 1910, against all defendants except appellant who demurred November 10, 1910.  His demurrer was overruled on November 21, 1910, and on the same day the court entered a decree of confirmation, confirming and reconfirming all of the proceedings had in the organization of said district.  The decree confirms the organization of said district, the issue of said bonds and the assessment of benefits.  This appeal is from said judgment and decree and the whole thereof.

*In limine,* we will state that the decision in the case of the *Irrigation District v. Brose,* 11 Ida. 474, 83 Pac. 499, was a confirmation proceeding under the irrigation act of 1903 (Sess. Laws, p. 150).  Sec. 11 of that act required the board of directors to commence proceedings to confirm the assess-

ment of benefits; sec. 15 required said board to commence special proceedings for the approval of any proposed issue of bonds; and sec. 16 of said act contains the general provisions now found in sec. 2401 of the Rev. Codes, and provides that the board of directors of an irrigation district may go into the district court for confirmation of all of the proceedings, and the entire proceedings in regard to the organization of a district may be confirmed in the one action. While the laws of 1903 do not expressly authorize separate confirmation proceedings at different stages of the matter, said act as amended by sec. 2401, Rev. Codes, authorizes a proceeding for confirmation after the organization of the district is completed, or after the authorization of bonds, and again after subsequent proceedings.

In some respects the act of 1907 (Sess. Laws, p. 484) is declaratory of the law as it existed in California. (See *Board of Directors v. Tregea*, 88 Cal. 334, 26 Pac. 237.) It appears in this case that after the organization of the district and the bond issue provided for, confirmation proceedings were had. Then after the assessment of benefits, this proceeding was brought for the confirmation of the assessment of benefits and also for a reconfirmation of all of the proceedings in connection with said district. By express allegation in the petition, the petitioners did not waive any benefits secured to the district by the first decree of confirmation. While it was not necessary to have the former proceedings reconfirmed, the decree of reconfirmation did not deprive the district of any rights it acquired under the first decree. It may not have given the district any further rights than it then had, and even if the pleader had not plead the first decree, the second petition would have authorized a decree confirming said entire proceedings. Upon those questions, see *Fogg v. Perris Irr. Dist.*, 154 Cal. 209, 97 Pac. 316; *People v. Linda Vista Irr. Dist.*, 128 Cal. 477, 61 Pac. 86. There is no question but that the petitioners had the right to ask for a confirmation of all of said proceedings.

It is next contended that the appellant cannot question the organization of the district, first, by reason of the limi-

tations found in sec. 2377, Rev. Codes, and, second, because of the first decree confirming the organization of the said district. Said section 2377 refers to the completion of the organization of the district, and, among other things, provides as follows: "No action shall be commenced or maintained, or defense made affecting the validity of such organization after two years from and after the making and entering of said order." The order referred to there is the order made by the board of county commissioners after an election is held for voting upon the organization of an irrigation district. It appears from the record that the order for the organization of said district was made on January 13, 1908, and appellant in this case did not interpose any defense until November 10, 1910, which was more than two years after the organization of said district. The limitation provided in that section was doubtless made to set at rest at an early date the existence of the district in view of its importance, both to the inhabitants and the bondholders.

In *Fogg v. Perris Dist., supra,* it was held that when the organization of the district was complete, its boundaries and the land included is "notice to the inhabitants of the district and the world." The general doctrine is that no one but the state can challenge the existence of a public corporation. (28 Cyc. 172.) A private party, under our irrigation district law, may appear in the confirmation proceedings and raise the question of due organization if. done within two years after the district is organized. If the district officers do not move to have confirmation within the two years, a private party has his remedy by a proper action to oust the pretended district and settle the question of the legal organization of such district. (*People v. Linda Vista,* 128 Cal. 477, 61 Pac. 86.) If this is not done and confirmation takes place, that ends the matter; all parties are bound by the decree of confirmation. In the Linda Vista case, it is held that the confirmation statute was enacted for the very object of binding the state as well as all others, and an attempted *quo warranto* proceeding after the confirmation proceedings is a collateral attack upon the decree and would not be permitted. It would

appear from the provisions of said sec. 2377 above quoted that such a district may have the benefit of the statute of limitations if no action is commenced or maintained or defense made affecting the validity of the organization of such district after two years from and after the making and entering of the order by the board of county commissioners organizing such district.

The supreme court of California had occasion early in the history of the irrigation district law to consider the effect of a decree of confirmation. In *Irrigation Dist. v. Tregea,* 88 Cal. 334, 26 Pac. 237, the court said:

"The object of the act . . . . is to provide a security for investors, and promote the advantage of the irrigation districts by enabling the courts of the state to render a judgment binding on all the world as to the validity of bonds to be offered for sale by such districts."

In *Crall v. Irrigation Dist.,* 87 Cal. 140, 26 Pac. 797, it is said:

"It was doubtless for the purpose of settling all these matters in advance, and thereby making the bonds of irrigation districts more readily salable, and at better prices than they would otherwise command, that the legislature passed the confirmation act, providing that the districts might, before offering any of their bonds for sale, have all questions affecting their validity judicially and finally determined."

The doctrine of said California cases was fully approved by this court in the *Brose Case,* 11 Ida. 474, 83 Pac. 499.

Counsel for appellant contends that the filing of the petition for confirmation waives the statute of limitations. We cannot agree with that contention. The decree of confirmation stops the running of the statute and binds all parties. Simply because the petitioners prayed for a reconfirmation of the organization of the district, that fact alone would not reopen the confirmation already had of the organization of such district.

The fact that the county commissioners did not declare the district organized on the day that they canvassed the vote, but laid it over until the regular meeting in the follow-

ing January, is assigned as error. There is no merit in that assignment, for if the commissioners had neglected or refused to do their lawful duty in the premises, they could have been compelled to do it. It is not made to appear that said action of the board was to the prejudice of any of the rights of the appellant or the district.

Some question is raised in regard to the jurisdiction of the court to exclude certain lands that were not benefited by the organization of said district. Certain cross-complainants made it appear that their lands were not benefited, and in the decree of confirmation the court found that such lands were not benefited, and excluded them from the district. There was no error in that action of the court, for when it appears to the court that certain lands are not benefited that are contained in an irrigation district, the court has jurisdiction to exclude them before a confirmation of the organization of such district is made.

Some other errors are assigned which we have examined and do not consider it necessary to pass upon each of them separately. However, we find nothing in the assignments of error that would justify a reversal of the judgment.

From the foregoing we conclude that the judgment of the district court must be affirmed, and it is so ordered.

Ailshie, Presiding J., and Budge, District Judge, concur.