(April 4, 1916.)

ROBERT H. SMITH and GEORGE H. SMITH, Appellants, v. PROGRESSIVE IRRIGATION DISTRICT, a Corporation, Respondent.

[156 Pac. 1133.]

NONSUIT — IRRIGATION DISTRICT — ORGANIZATION OF — CONSTRUCTIVE NOTICE—VOTING BONDS—ASSESSMENT OF BENEFITS—PROCEEDINGS IN REM—JURISDICTION—CONFIRMATION OF PROCEEDINGS.

1.   Where plaintiffs under the evidence are not entitled to a judgment, it was not reversible error for the court to grant the motion of the defendant for a nonsuit and dismiss the case where it appears that the court considered all of the evidence in passing upon the motion, since the effect would have been the same had the court adopted the procedure to decide the case upon its merits, regardless of the motion for a nonsuit, and entered a formal judgment in the case.

2.   The procedure in all matters connected with the organization of irrigation districts is provided by statute (see secs. 2372 et seq., Rev. Codes, and amendments thereto), as well as the procedure for the confirmation of all proceedings connected with such organization.

3.   It is incumbent upon those desiring to have their lands excluded from such district to appear in such proceedings and show that their lands are not benefited by the organization of such district and inclusion therein; and if they fail to do so, they are precluded thereafter from having their lands excluded therefrom.

4. The organization of such districts and all proceedings in connection therewith, the voting of bonds, the assessment of benefits, including the decree of confirmation in the district court, are all proceedings *in rem.*

5. Constructive service of the notices required by said act is sufficient to give each and every person having land within such district his day in court, and the court jurisdiction of the person and subject matter.

6. Under the provisions of said act, it was not necessary that personal service be made upon the land owners of the district in order to give the court jurisdiction and power to enter judgment of confirmation and make it valid and binding as against such persons, upon all questions involved in such confirmation proceedings.

[As to lands which may be included in irrigation districts, see note in **Ann. Cas. 1916A, 1222.**]

APPEAL from the District Court of the Ninth Judicial District, for Bonneville County. Hon. James G. Gwinn, Judge.

Action for the purpose of establishing the rights of plaintiffs and quieting their title to a certain flow of water in a canal owned, operated and controlled by the defendant, the Progressive Irrigation District. Judgment for plaintiff. *Affirmed.*

William P. Hanson, for Appellants.

Where there is any competent evidence to support the plaintiff's complaint, a motion for nonsuit should be denied. (*Martin v. Dowd,* 8 Ida. 453, 69 Pac. 276; *York v. Pacific & N. R. Co.,* 8 Ida. 574, 69 Pac. 1042; *Idaho Comstock Mining etc. Co. v. Lundstrum,* 9 Ida. 257, 74 Pac. 975.)

Where there is evidence to support the case a nonsuit will not be granted. (*Black v. City of Lewiston,* 2 Ida. 276, 13 Pac. 80.)

A motion for nonsuit should be denied unless the evidence wholly fails to establish a right to recovery. (*Small v. Harrington,* 10 Ida. 499, 79 Pac. 461.)

"An irrigation district has no power, authority or jurisdiction to levy and assess assessments against land within the dis-

trict for which the owners already own and possess water rights and privileges until such time as the district first purchases or condemns such water rights." (*Knowles v. New Sweden Irr. Dist.*, 16 Ida. 217, 101 Pac. 81.)

Otto E. McCutcheon, for Respondent.

The proceedings of the board of directors, like those of every other board or body having jurisdiction of matters of taxation, are legislative in their nature, and are neither open to collateral attack nor are they reviewable by the courts. (*Knowles v. New Sweden Irr. Dist.*, 16 Ida. 235, 248, 101 Pac. 87; *Paulson v. Portland*, 16 Or. 450, 19 Pac. 450, 1 L. R. A. 673.)

The record in this case shows a complete trial and the case taken under advisement. If the same result must have been reached on a submission of the case for judgment as on the motion for nonsuit, the form which was adopted was a matter of practice only and without prejudice. (*Lapique v. Plummer*, 168 Cal. 310, 142 Pac. 1079.)

SULLIVAN, C. J.—This action was brought by the plaintiffs, who are appellants here, for the purpose of establishing their right and quieting title to a certain flow of water in that certain canal now owned, operated and controlled by the defendant irrigation district. Their claim is based upon a verbal contract alleged to have been entered into by the appellants and the Snake River Canal Company, a corporation which was the predecessor in interest to the defendant herein.

It is alleged, among other things, that in the year 1879 the plaintiffs had settled upon 320 acres of desert land; that they have since procured title to said land and that they are the owners thereof; that in that year they located a certain canal on the south fork of Snake river and commenced the construction thereof for the purpose of appropriating water from the south fork of Snake river and conducting the same to and upon said land, which land is situated about three miles from the head of said canal, and had constructed about three-fourths of a mile of said canal during the year 1879; that in

February, 1880, the Snake River Water Company was organized for the purpose of taking water from said river and conveying the same by means of canals and ditches to and upon land situated in the Snake river valley; that said water company being desirous of securing a location for its canal at the same point where the appellants had commenced the construction of their canal, entered into negotiations with plaintiffs to secure said location, and it was mutually agreed that if said appellants would turn over to said water company their headgate location and diversion point and the portion of the canal already constructed, said water company would grant to appellants a free and perpetual water right for 640 acres of land which these appellants and their associates owned, the appellants each being the owner of an undivided one-fourth interest in said canal, which would entitle each of them to sufficient water to irrigate 160 acres of land, or to $3\frac{1}{5}$ cubic feet of water per second of time; that in pursuance of said agreement said appellants turned over to said canal company their said location and ditch, and the said canal company thereafter constructed a canal from said diversion point on Snake river to the town of Eagle Rock, now the city of Idaho Falls; that in pursuance of said agreement said canal company commenced to and did furnish appellants water free of charge, as agreed, for the irrigation of their said land, and that said water company and its successors in interest did continue to so furnish water to appellants free of charge up to and including the year 1911; that prior to that time there was organized the respondent, the Progressive Irrigation District, which took over the canals and water rights from the owner of said Snake River Irrigation Company and its successors; that said lands of appellants are now included within the boundaries of the Progressive Irrigation District, the respondent herein, and since the organization of the district, said district has assessed the lands of appellants the same as other lands within said district; that the appellants herein have paid their assessments under protest to prevent the sale of their lands for the nonpayment of such assessments; that said canal was originally owned by the Snake

River Water Company, a corporation, and later the Snake River Water Company transferred its rights in and to said canal and water rights to the Eagle Rock and Willow Creek Canal Company, which latter company transferred its interests and rights to the Farmers' Progressive Canal Company, and the latter company sold its rights in said canal and water rights to the respondent corporation, the Progressive Irrigation District; that from the time of said transfer of appellants' rights to their location and that portion of the ditch constructed by them until the organization of the Progressive Irrigation District, to wit, January 13, 1908, appellants' rights were recognized as a binding contract between appellants and the Snake River Water Company and its successors in interest, and appellants prayed that respondent be required to set forth the nature of its claim and that at the final hearing the court adjudge and decree that the right and title of appellants to 3⅕ cubic feet of water per second of time, to be delivered through said canal to the appellants, be superior in time and right to the claim and rights of the respondent irrigation district, and that appellants' right be decreed to date from the year 1879, and prayed for other relief.

The respondent answered, admitting some of the allegations and denying others, and set up other matters as a defense, and among them the organization of the respondent district, the confirmation of the organization of the district and also the voting of $350,000 in bonds for the purchase of the canals, ditches and water rights of its predecessors in interest, and that the said lands of the appellants were included within said district, and that the assessments of benefits to the lands included in said district were duly made and confirmed by the proper court, and the said bonds thereafter issued in the said sum of $350,000; that all of the proceedings in regard to the organization of said district, the voting of the bonds and the assessment of benefits were all confirmed as required by law; that notice of all of such proceedings was given as required by law, and that neither of the appellants appeared, answered or demurred to either of the petitions filed in the district court asking for the confirmation of the proceedings

under said petitions, and that neither of them ever appeared before the board of directors of the said irrigation district at any meeting held for the purpose of correcting assessments, and no one has ever appeared for said appellants, or either of them, at either of said meetings of said board or either of said proceedings for confirmation.

Upon the issues thus made the cause was tried by the court without a jury. At the close of appellants' testimony, counsel for respondent moved for a nonsuit and the court, in disposing of that motion, said: "Yes; the motion will be denied, reserving the right of the court to sustain the motion at a later stage in the case." Thereupon the respondent proceeded to introduce its testimony and after both parties had rested, counsel for respondent renewed his motion for a nonsuit on the ground that the complaint did not state a cause of action and that the appellants had not proved a cause of action and were entitled to no relief whatever. Thereafter said motion for a nonsuit was sustained and judgment of dismissal entered, from which decision this appeal is taken.

The main assignment of error is that the court erred as a matter of law in granting said motion for a nonsuit and entering judgment of dismissal. It is contended that the allegations of the complaint and the admissions made in the answer and by stipulation and upon the trial in the evidence introduced for and on behalf of the appellants established a *prima facie* case and the respondent should be put to its proof to disprove the allegations made and proved by the appellants.

At the close of all the evidence both for the appellants and respondent, the motion for a nonsuit was made and the court by its decision concluded that the appellants had not made out a case entitling them to any judgment whatever, and hence entered a judgment of dismissal.

Considerable stress is laid upon the proposition that under the decisions of this court it is well established that a nonsuit will not be granted if there is any evidence to support plaintiffs' case. While, as a rule, under the law applicable to the ordinary case where motions for nonsuit are interposed the

contention of appellants is correct, here the case had been tried by the court, evidence submitted by both parties, and the court, although the record shows that it granted a nonsuit and entered an order dismissing the case, decided the case upon its merits.

The order or judgment from which this appeal is taken is as follows:

"Whereupon, the trial of this cause proceeded upon the complaint and the answer thereto, witnesses were duly sworn and examined for and in behalf of the respective parties, and cross-examined, and documentary evidence introduced, and at the close of the evidence the defendant having moved for a nonsuit for various reasons, and the court having at that time taken the said motion under advisement, and it being agreed and ordered that said motion be argued at the time the case was to be argued, and the court having requested briefs and argument on said motion, and a reasonable time for the presentation of argument and authorities having elapsed, and the court having advised himself in the premises,

"It is now therefore ordered that said motion for nonsuit be and the same is hereby sustained, and the action accordingly dismissed at plaintiffs' cost.

"Dated at Saint Anthony, Fremont County, Idaho, this 21st day of January, 1914."

It is clear that the court held under the evidence the plaintiffs were not entitled to a judgment.

It appears from the evidence that an action to confirm the organization and issuance of said bonds by the Progressive Irrigation District was brought by appeal to this court (*Progressive Irr. Dist. v. Anderson,* 19 Ida. 504, 114 Pac. 16), and the decree and judgment of the trial court confirming all proceedings in regard to the organization of said district, the issue of the district bonds and the assessment of benefits were confirmed. The plaintiffs' said lands were among those included in said district and assessed for benefits.

Both parties rested and all of the evidence was before the court for consideration, and it is clear that the court held under the evidence that the appellants were not entitled to a

judgment, and since the appellants were not entitled to a judgment and the court granted the motion for a nonsuit and dismissed the case, the form or procedure which the court adopted was a matter of practice only and was clearly without prejudice.

The next question presented is whether under the facts of this case and the law applicable thereto the appellants can at this time successfully raise the question as to whether their lands included in said district are liable to assessment for benefits or for annual maintenance of said system, they having failed and neglected to appear at the time required by the published notice, provided by statute, for an appearance of all persons having lands in such district who desired to object to the organization of such district, or to show cause why their lands should not be included therein.

Tit. 14, chap. 1, Rev. Codes, beginning at sec. 2372 and ending with sec. 2443, and amendments thereto, provides the procedure for the organization of an irrigation district, for voting bonds, for the purchase or construction of an irrigation system, for the assessment of benefits to such lands and the confirmation of such proceedings by the district court. Such proceedings were had for the organization of the district here involved and a petition was presented to the district court on October 1, 1910, for the confirmation of all such proceedings, and on that day the district court made an order, as required by law, for a hearing on said petition to be had on November 7, 1910, due notice of which was given as required by said law; and thereafter the district court entered default against all defendants except the appellant Anderson who had demurred to said proceedings. His demurrer was overruled on November 21, 1910, and on the same day the court entered a decree of confirmation, confirming all proceedings of the organization of said district, the issue of the bonds and the assessment of benefits. An appeal was taken from that decision to this court and the judgment and decree of the district court affirmed. (See *Progressive Irr. Dist. v. Anderson*, 19 Ida. 504, 114 Pac. 16.) In the hearing for confirmation before the district court, certain parties appeared by cross-

complaint and showed to that court that their lands were not benefited, and in the decree of confirmation the district court found in their favor and excluded their lands from the district. The appellants were not among those who appeared and showed to the court that their lands would not be benefited by the organization of said district. Had they done so, the district court no doubt would have excluded their lands from said district, also.

Referring to the fact that certain lands were excluded from said district at the date of the confirmation of its organization by the district court, this court said:

"There was no error in that action of the court, for when it appears to the court that certain lands are not benefited that are contained in an irrigation district, the court has jurisdiction to exclude them before the confirmation of the organization of such district is made."

And no doubt if these appellants had appeared at that time and showed to the court that their lands would not be benefited, the court would have excluded them from said district. The law gave them ample opportunity and proper notice, although it was by publication, for them to appear and have any rights they claimed protected at the time of the confirmation of said proceedings. They having failed to do so, is it now too late for them to complain? We think it is.

On rehearing in the case of *Knowles v. New Sweden Irr. Dist.*, 16 Ida. 235, 101 Pac. 87, it was held that the organization of an irrigation district and all proceedings in connection therewith, the voting of bonds and other matters including the decree of confirmation by the district court, are proceedings *in rem*, and that constructive service of the notice required by said act was sufficient to give each and every person interested in the organization of such district his day in court, and to give the court jurisdiction of the person and subject matter, and that anyone dissatisfied with the proceedings or judgment of confirmation is given by the terms of said act the right of appeal, and that under the provisions of said act it was not necessary that personal service be made upon the land owners of the district in order to give the court juris-

diction and power to render a judgment of confirmation valid and binding as against them upon all questions involved in such cases, and that that proceeding does not involve the taking of property without due process of law nor in violation of the obligations of a contract.

To recur to some of the facts appearing from the record:

It appears that the appellants with others in 1879 had intended to appropriate certain waters of Snake river for the irrigation of their lands and had commenced the construction of a ditch for the purpose of conveying the water to their lands located some three miles distant from the head of the proposed ditch. After they had constructed a small ditch about three-quarters of a mile in length, they entered into a contract with other parties whereby the other parties took over whatever rights the appellants and their associates claimed thereto and agreed to deliver them free water for the irrigation of their said lands. Thereafter a corporation was formed which commenced the construction of said irrigation system, and thereafter successive corporations were formed, each taking over in turn the water rights and canals owned and constructed by its predecessor, and these various corporations furnished the appellants a certain amount of free water up to the time the respondent irrigation district took over said canals, ditches and water right. After the organization of said district, the water rights and canal system owned by the corporation first mentioned were taken over by the district in 1911 and the district issued about $350,000 in district bonds for the payment of said water right and irrigation system. The appellants did not complete their appropriation of water, hence they had no water right of their own, and the water subsequently furnished them was from appropriations made by their successor, and at the time the irrigation district took over the water rights and irrigation system of its predecessor, it took over all water rights owned by such predecessor and its successors, and under the law if the appellant claimed that they were entitled to free water from said system, it was their duty to appear at the proper time and make objection to their lands being included in such district, and

at the time their lands were assessed for benefits, they should have appeared and showed to the proper officers that they had a water right and that their lands would not be benefited by the organization of such district or the purchase of such system. They were given opportunity to appear in the district court and ask to have their lands excluded from the district. But they failed to do so. They were given their day in court and raised no objection to the retention of their land within such district and the assessment thereon for benefits.

Under the facts of this case and the law applicable thereto, the appellants are not entitled to recover in this action, and the judgment of the district court must be affirmed, and it is so ordered. Costs in favor of the respondent.

Morgan, J., concurs.

COWEN, District Judge, Concurring Specially.—I concur. Under the law of this state, as settled by the case of *Knowles v. New Sweden Irr. Dist.*, 16 Ida. 235, 101 Pac. 87, the district court undoubtedly reached the correct conclusion. I have serious doubts as to the correctness of the rule laid down in the Knowles case for obtaining jurisdiction to enter a judgment *in rem* by constructive service where the owner of the property resides within the jurisdiction of the court, and makes no attempt to evade process, but the Knowles case seems to have settled the matter here with reference to cases of this character, and the judgment should therefore be affirmed.