(No. 5320.  January 31, 1930.)

CRANE CREEK RESERVOIR ADMINISTRATION BOARD, an Association Composed of Five Members, One Elected by Weiser Irrigation District, a Municipal Corporation, One Elected by West Idaho Power Company, a Corporation, One Elected by Weiser Bench Irrigation Company, a Corporation, and Two Elected by Washington County Irrigation District, a Municipal Corporation, Which Association So Elected Brings This Action on Behalf of Its Said Principals, Being the Owners of the Crane Creek Reservoir; WEISER IRRIGATION DISTRICT, a Municipal Corporation; WEISER BENCH IRRIGATION COMPANY, a Corporation, and WEST IDAHO POWER COMPANY, a Corporation, Respondents, v. WASHINGTON COUNTY IRRIGATION DISTRICT, a Municipal Corporation, Appellant.

[284 Pac. 557.]

George Donart, for Appellant.

Ed. R. Coulter, for Respondents.

BAKER, District Judge.—Prior to August 22, 1910, the Crane Creek Irrigation Land and Power Company was the sole owner of a partially completed reservoir known as the Crane Creek Reservoir, in Washington county, together with certain lands and appurtenant water rights and on said date sold to the Sunnyside Irrigation District and to the Crane Creek Irrigation District definite but undivided interests in said reservoir. The works were found to be inadequate to impound sufficient water to properly irrigate the lands intended to be irrigated therefrom, were incumbered and the districts became insolvent. In an attempt to refinance the project and provide for the completion of the system, the indebtedness of the two irrigation districts was

compromised, settled and in part paid from the proceeds of refunding bonds issued early in 1922. At that time the reservoir was owned by various persons, corporations and irrigation districts and on April 4, 1922, a contract, to which the Sunnyside and Crane Creek Irrigation. Districts were parties, was entered into for the purpose of stating and defining the rights and interests of the various owners. The contract surrendered the management of the reservoir to a person to be selected by those interested, provided a means of ascertaining the maintenance expense, fixed the time of payment and prohibited anyone interested from withdrawing water while more than thirty days in default in the payment of maintenance charges. The contract makes it plain that it was made as a part of the general scheme of which the issuance of the bonds was also a part and for the purpose of permanently fixing the owner's rights and providing machinery for the harmonious and efficient operation and maintenance of the dam. The boards of directors of the irrigation districts later instituted proceedings in the district court of Washington county for the examination and approval of the bond issue ''and matters in connection therewith.'' Decree entered as prayed was not questioned by appeal or otherwise. In April, 1923, the owners of the reservoir entered into a supplemental contract which differs from the contract of April, 1922, only in that it provided for the complete operation of the reservoir by the plaintiff, Crane Creek Reservoir Administration Board, an association composed of five members, one of whom was to be elected by each of the five private corporations and irrigation districts then interested in the reservoir. This contract, like the contract of April, 1922, provided that no company, more than thirty days delinquent in the payment of maintenance charges, should withdraw water from the reservoir. From the date of the latter contract the reservoir has been operated under it.

The defendant is an irrigation district formed in 1923 by the consolidation of the Sunnyside Irrigation District

and the Crane Creek Irrigation District. This action was brought by the administration board and the other three companies and districts interested in the reservoir to collect a balance of maintenance charges levied against the defendant and .the two irrigation districts which it succeeded. Defendant's insolvency is alleged and plaintiffs seek to recover judgment for the amount of the unpaid charges and to enjoin the withdrawal of water by the defendant until the judgment is paid. From judgment and decree in all respects favorable to the plaintiffs the defendant has appealed.

Appellant insists: 1. That the action is not prosecuted by the real party in interest; that the Crane Creek Reservoir Administration board lacks capacity to sue and that defendant's special demurrer on that ground should have been sustained; 2. That the contract of April, 1923, is invalid for various reasons.

It is sufficient to say in answer to appellant's first contention that the suit was instituted not only by the administration board but also by the private companies and irrigation districts associated with appellant in the ownership of the reservoir. They are the real parties in interest and their right to maintain the action or their capacity to sue is not questioned. Whether the board could sue alone need not be determined for that question is not presented and whether it could join with appellant's associates can be determined only by special demurrer on the ground of misjoinder of parties plaintiff. That question is not presented.

Appellant apparently concedes that if the validity of the contract of April 4, 1922, was a matter which the court had jurisdiction to determine in the confirmation proceedings the questions urged here are matters adjudicated.

In the petitions filed by the board of directors of the Sunnyside and Crane Creek Irrigation Districts for the examination and confirmation of the bond issue "and matters in connection therewith," the contract of April 4, 1922,

was pleaded, its purpose was stated, its validity asserted and the court's approval of it was sought. The court expressly found that said agreement was made "for the purpose in connection with said refunding bond issue, of stating and defining the respective rights and interests of the parties of (to) said agreement and to the reservoir, dam, water rights," etc. In the decree it was adjudged that "said agreement defining said interests in the water rights and irrigation works whereby the lands within said (districts) have been and are being irrigated, is legal, valid and proper," and all proceedings were confirmed and approved.

By the provisions of C. S., sec. 4366, the court is required upon the hearing of such special proceedings to "examine all of the proceedings set up in the petition" and may ratify, approve or confirm the same in whole or in part.

The irrigation districts issuing the bonds were not the sole owners of the reservoir and even as between themselves their rights were not theretofore defined. It was important to the purchasers of the bonds to know the extent of and the limitations upon the rights of the various parties interested in the reservoir, to know that precautions had been taken to avoid conflicts and insure the just operation and capable maintenance of the reservoir and to know whether the districts could enter into contracts of that character. We are of the opinion that the contract was so intimately connected with the refunding bond issue as to warrant its examination, when properly pleaded, in proceedings to confirm such issue. The court expressly, properly and upon sufficient petition determined that the contract was valid. The attacks directed against the contract in this suit could and should have been made in the confirmation proceedings. The decree binds all parties and precludes further examination of the questions there determined. (*Progressive Irr. Dist. v. Anderson,* 19 Ida. 504, 114 Pac. 16; *Knowles v. New Sweden Irr. Dist.* (on rehearing), 16 Ida. 235, 101 Pac. 87; *Smith v. Progressive Irr. Dist.,* 28 Ida. 812, 156 Pac. 1133.)

The judgment appealed from is affirmed, with costs to respondents.

Givens, C. J., and Budge and McNaughton, JJ., concur.

Varian, J., was disqualified and did not participate.