(May 13, 1924.)

## AMERICAN FALLS RESERVOIR DISTRICT, a Corporation, R. E. SHEPHERD, H. K. WILEY, W. F. ALWORTH, F. E. SAYRE, A. F. McCLOUD, J. H. BARKER and W. H. SPENCE, Members of the Board of Directors of Said AMERICAN FALLS RESERVOIR DISTRICT, Respondents, v. J. B. THRALL, on His Own Behalf and on Behalf of All Others Similarly Situated, Appellant.

[228 Pac. 236.]

IRRIGATION DISTRICT—MANNER OF CREATING SAME—CONFIRMATION OF PROCEEDINGS — ASSESSMENTS FOR BENEFITS — APPORTIONMENT OF COSTS—IRRIGATION DISTRICT BONDS—GENERAL LIEN AGAINST THE PROPERTY OF THE DISTRICT—CREATION OF A SAFETY FUND—DISTRICT ASSESSMENTS—MAY BE COLLECTED BY COUNTY OFFICERS.

1. C. S., sec. 4364, requires the board of directors of an irrigation district to file a petition in the district court of the county in which its office is situated praying that the proceedings it has taken may be examined, approved and confirmed by the district court. A petition may be filed after the organization of the district is complete for a confirmation of the proceedings thus far taken or after the authorization of any issue of bonds or after the sale or exchange of an issue of bonds. Where the procedure is by separate petitions for the confirmation of different portions of the proceedings subsequent proceedings shall not be considered as authorizing a rehearing of the matter theretofore heard and decided.

2. Where a petition or petitions have been presented to the district court for the confirmation of any part of the proceedings that have been taken and a decree has been made and entered confirming the same and no appeal has been taken therefrom, it is final and conclusive as to the proceedings taken prior thereto, unless such decree is assailed by a direct attack or unless it appears from the record that the proceedings taken and confirmed were taken in such manner that the district court was without jurisdiction to confirm the same.

3. Under the Idaho irrigation district law the bonds of the district are a general lien upon the lands of the district and all of said lands are and must remain liable for the district

assessments levied for the payment of such obligations until the same are fully paid and discharged.

4. The provisions of chapter 84, Sess. Laws 1923, p. 96, which authorizes the board of directors of an irrigation district to make an annual levy of fifteen per cent in excess of the amount required to meet the payment of principal and interest on its bonds, if all the district taxes were paid without delinquency, which fund is to be used to meet any deficiency caused by delinquencies in the payment of assessments and such fund to be kept intact and never reduced below ten per cent of the unpaid bonded indebtedness, is a valid delegation of taxing power by the legislature to an irrigation district.

5. The bonds or other obligations of an irrigation district may contain a provision that the collection of the principal and interest of such bonds or other obligations shall be made by the county officers of the county in which the lands taxed are situate, and when such condition is indorsed upon the obligation it is irrevocable until such indebtedness is paid.

6. An irrigation district is a public or *quasi*-public corporation, not organized for governmental purposes but to conduct the business for the private benefit of the owners of the land within its limits, and as respects its contracts made in the manner prescribed by law it is a municipal corporation.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Action upon the petition of the American Falls Reservoir District for examination, approval and confirmation of the apportionment of the benefits and of the cost of construction of the American Falls Reservoir by the United States, and for the purchase of a proportionate share of the storage capacity thereof, and of the water available therein, by the American Falls Reservoir District from the United States, and for the approval of the resolution of the board of directors, to issue $2,700,000 of the bonds of said district for the payment thereof. Judgment for plaintiffs. *Affirmed as modified.*

E. D. Reynolds, for Appellant.

An irrigation district is a public corporation. (*Pioneer Irr. Dist. v. Walker,* 20 Ida. 605, 119 Pac. 304.)

An irrigation district is a municipal corporation within the meaning of a provision prohibiting the incurring of indebtedness beyond a certain limit by cities, towns, counties and other municipal corporations. (*Alfalfa Irr. Dist. v. Collins,* 46 Neb. 411, 64 N. W. 1086.)

The organization of an irrigation district and all proceedings in connection therewith, the voting of bonds and other matters, including the decree of confirmation by the district court, are proceedings *in rem.* (*Knowles v. New Sweden Irr. Dist.,* 16 Ida. 217, 101 Pac. 81.)

Irrigation district taxes levied under the irrigation district act are only local improvement or special assessment taxes and not general taxes, though levied annually during the life of the district; no direct benefit to the public ensuing but only to each individual land owner supplied with water. (*Interstate Trust Co. v. Montezuma Irr. Dist.,* 66 Colo. 219, 181 Pac. 123.)

Special assessments to be levied under irrigation district act are not taxes within the general tax law and are not debts of the individual, but are a lien against the land for its own benefits, not embraced within the meaning of the word "taxation." (*Nelson v. Board of Commrs.,* 62 Utah, 218, 218 Pac. 952; *In re Walker Irr. Dist.,* 44 Nev. 321, 195 Pac. 327.)

An assessment wholly dependent upon the benefits to accrue, no assessments being made where no benefits accrue, is not a tax within the purview and meaning of the constitution, being a charge *in rem* against the specific tracts of land assessed for benefits. (*Elliott v. McCrea,* 23 Ida. 524, 130 Pac. 785.)

All taxes shall be uniform upon the same class of subjects. (Art. 7, sec. 5, Constitution of Idaho.)

The irrigation district law of Idaho fails to provide that the district may use irrigation works without purchasing works already in operation or construct new works, as the case may be. (C. S., secs. 4313, 4314; C. S., c. 175.)

Where the law provides a hearing, the hearing must be held. (*Londoner v. Denver*, 210 U. S. 373, 28 Sup. Ct. 708, 52 L. ed. 1103; *Denver v. State Investment Co.*, 49 Colo. 244, 112 Pac. 789, 33 L. R. A., N. S., 395; *Knowles v. New Sweden Irr. Dist.*, 16 Ida. 235, 101 Pac. 87; *Fallbrook Irr. Dist. v. Bradley*, 164 U. S. 112, 17 Sup. Ct. 56, 41 L. ed. 369; *In re Central Irr. Dist.*, 117 Cal. 382, 49 Pac. 354.)

The right to levy tax by which one may be deprived of his property exists by virtue of the statute alone which must be strictly followed. One who is not served with notice in any manner and who does not enter his appearance, and upon whom there is no attempt at service, cannot be held to have waived any right. (*Payson v. People*, 175 Ill. 267, Ann. Cas. 1915C, 27, 51 N. E. 588.)

James R. Bothwell, for Respondents.

The decree of the district court of Twin Falls county, entered on March 24, 1923, confirming the organization of the territory therein described as an irrigation district under the laws of this state is final and conclusive and binding on all the world. The questions before the court in that proceeding are *res adjudicata* and may not be again reviewed in this or any other proceeding. (C. S., secs. 4364, 4366; *Nampa Irr. Dist. v. Brose*, 11 Ida. 474, 83 Pac. 499; *Crall v. Board of Directors of Poso Irr. Dist.*, 87 Cal. 140, 144, 26 Pac. 797; *Rialto Irr. Dist. v. Brandon*, 103 Cal. 384, 37 Pac. 484; *People v. Linda Vista Irr. Dist.*, 128 Cal. 477, 61 Pac. 86; *In re Davis Estate*, 136 Cal. 590, 69 Pac. 412; *In re Leonis Estate*, 138 Cal. 194, 71 Pac. 171; *Progressive Irr. Dist. v. Anderson*, 19 Ida. 504, 114 Pac. 16; *Knowles v. New Sweden Irr. Dist.*, 16 Ida. 235, 101 Pac. 87; *Emmett Irr. Dist. v. Shane*, 19 Ida. 332, 113 Pac. 444; *Black Canyon Irr. Dist. v. Fallon*, 21 Ida. 537, 122 Pac. 537; *Smith v. Progressive Irr. Dist.*, 28 Ida. 812, 156 Pac. 1133; *Russell v. Irish*, 20 Ida. 194, 118 Pac. 501; *Oregon Short Line R. Co. v. Pioneer Irr. Dist.*, 16 Ida. 578, 102 Pac. 904; *Miller v. Perris Irr. Dist.*, 85 Fed. 693; *In re Walker Irr.*

*Dist.*, 44 Nev. 321, 195 Pac. 327; 2 Kinney on Irrigation, sec. 1421; *Hanson v. Kittitas Reclamation Dist.*, 75 Wash. 297, 134 Pac. 1083; *Herritt v. Warm Springs Irr. Dist.*, 86 Or. 343, 168 Pac. 609; *Holland v. Avondale Irr. Dist.*, 30 Ida. 479, 166 Pac. 259; *Weber v. Jordan Valley Irr. Dist.* (Or.), 220 Pac. 146.)

While the present proceeding is in the name of reopening the case filed for the confirmation of the organization, it does not authorize the court to proceed with a rehearing of the matters that were before the court and disposed of at the former hearing. (*Progressive Irr. Dist. v. Anderson,* 19 Ida. 504, 114 Pac. 16.)

The execution of the agreement by and between the district and the various boards of county commissioners of the counties in which the lands of the district lie providing that the county officers shall collect the district assessments is sustained by a valid statute. (Chap. 178, Sess. Laws 1923.)

"Said bonds and the interest thereon shall be paid by revenue derived from the assessment upon the land in the district; and all the land in the district shall be and remain liable to be assessed for such payment." (C. S., sec. 4369.)

"We regard it as clear that the bonds here in question constitute a general obligation of the irrigation district to pay the principal and interest thereof as therein provided for and that a *bona fide* holder of such bonds is not limited to any particular fund." (*Rialto Irr. Dist. v. Stowell,* and *Stowell v. Rialto Irr. Dist.*, 246 Fed. 294; *Norris v. Montezuma Valley Irr. Dist.*, 248 Fed. 369, 160 C. C. A. 379; *State ex rel. Clancy v. Columbia Irr. Dist.*, 121 Wash. 79, 208 Pac. 27.)

The action of the board of directors was within the scope of its jurisdiction in including in the resolution the following: "That the bonding resolution fixing the form and details of the bonds and prescribing the manner of their execution shall contain a proviso that 'said bonds shall be and they hereby are, made a general obligation of the

American Falls Reservoir District.' " (C. S., secs. 4360, 4361.)

The board of directors made provision for the payment of interest on the bonds to be issued with the proceeds of the sale of coupon bonds in lieu of paying the interest on said bonds by revenues derived from the assessments on the lands in the district. (C. S., secs. 4359, 4371.)

All of the formalities required by statute were complied with in the assessment of benefits and apportionment of cost of construction and purchase. The system adopted in fixing the amount of benefits and in apportioning the cost of construction and purchase is equitable and just and in compliance with the statute. (C. S., secs. 4359, 4362, 4366; *Fallbrook Irr. Dist. v. Bradley,* 164 U. S. 112, 17 Sup. Ct. 56, 41 L. ed. 369; *In re Madera Irr. Dist. Bonds,* 92 Cal. 296, 27 Am. St. 106, 28 Pac. 272, 675, 14 L. R. A. 755; *Oregon Short Line R. Co. v. Pioneer Irr. Dist.,* 16 Ida. 578, 102 Pac. 904; *Colburn v. Wilson,* 24 Ida. 94, 132 Pac. 579.)

One who is present in person, or by a representative, may not question the failure to give a notice of hearing as required by the statute. (*Merkle Drainage Dist. v. Hathaway,* 260 Ill. 186, 102 N. E. 1004; *Bird's Drainage Dist. v. Cairo V. & C. R. Co.,* 257 Ill. 67, 100 N. E. 141; *Briar v. Commissioners,* 185 Ill. 257, 56 N. E. 1042; *Kramer v. Fishback,* 180 Ind. 178, 102 N. E. 131; *Hoyt v. Brown,* 153 Iowa 324, 133 N. W. 905; *Hinkley v. Bishop,* 152 Mich. 256, 114 N. W. 676; *State ex rel. Applegate v. Taylor,* 244 Mo. 393, 123 S. W. 892; *Western Union Tel. Co. v. Trapp,* 186 Fed. 114, 108 C. C. A. 206; *Leary v. Jersey City,* 208 Fed. 854, 126 C. C. A. 12.)

Hays, Martin, Cameron & Hays, *Amici Curiae.*

The bonds of the district are general obligations of the whole district, as are those of an ordinary municipal corporation, the debts of which are incurred, and taxes levied to pay them, without considering the special benefit to the property affected, so that all the lands within the district are subject to taxation for payment of the entire obliga-

tion, and not merely for their *pro rata* share. (*State v. Columbia Irr. Dist.*, 121 Wash. 79, 208 Pac. 27; *Norris v. Montezuma Valley Irr. Dist.*, 248 Fed. 369, 160 C. C. A. 379; *Nelson v. Board of Commissioners*, 62 Utah, 218, 218 Pac. 952; *Rialto Irr. Dist. v. Stowell*, 246 Fed. 294, at p. 305.)

"It was the intention of the legislature that all lands within the irrigation district available for and subject to irrigation under the system constructed must be considered as a whole and the assessment shall be spread upon all the lands of the district which are or may be supplied with water by such district, under said system." (*Colburn v. Wilson*, 24 Ida. 94, 132 Pac. 579.)

"The fixing and determination of benefits is not the levying of a tax; it is nothing more than the determination of values as a basis for future assessments . . . . " (*Oregon Short Line R. Co. v. Pioneer Irr. Dist.*, 16 Ida. 578, 102 Pac. 904.)

The question of due process of law and similar questions are decided in *Fallbrook Irr. Dist. v. Bradley*, 164 U. S. 112, 17 Sup. Ct. 56, 41 L. ed. 369, and *In re Madera Irr. Dist. Bonds*, 92 Cal. 296, 27 Am. St. 106, 28 Pac. 272, 675, 14 L. R. A. 755.

Richards & Haga, *Amici Curiae*.

The courts are without power to control legislative discretion either as to the amount of the tax or the apportionment thereof where it does not clearly contravene prohibitions or restrictions in either the state or the federal constitution. (*Burt v. Farmers' Co-operative Irr. Co.*, 30 Ida. 752, 168 Pac. 1078; *McCray v. United States*, 195 U. S. 27, 24 Sup. Ct. 769, 49 L. ed. 78; *Austin v. Boston*, 7 Wall. (U. S.) 694, 19 L. ed. 224; *Veazie Bank v. Fenno*, 8 Wall. (U. S.) 533, 19 L. ed. 482; *French v. Barber Asphalt Paving Co.*, 181 U. S. 324, 21 Sup. Ct. 625, 45 L. .ed. 879; *Webster v. Fargo*, 181 U. S. 394, 21 Sup. Ct. 623, 45 L. ed. 912.)

Constitutional provisions relative to levying taxes according to valuation, or that taxes shall be uniform on the same class of property or subjects, or that they shall be levied and collected under general laws, have no application to taxes levied for local improvements. (*Turlock Irr. Dist. v. Williams*, 76 Cal. 360, 18 Pac. 379; *Emery v. San Francisco Gas Co.*, 28 Cal. 345; *Alfalfa Irr. Dist. v. Collins*, 46 Neb. 411, 64 N. W. 1086; *Arnold v. Knoxville*, 115 Tenn. 195, 5 Ann. Cas. 881, 90 S. W. 469, 3 L. R. A., N. S., 837.)

The confirmation proceedings authorized by the Idaho statutes are proceedings *in rem*, and the judgment concludes all land owners and their successors in interest on all matters that come within the scope of the proceedings and that are determined by the judgment. (*People v. Linda Vista Irr. Dist.*, 128 Cal. 477, 61 Pac. 86; *Board of Directors of Modesto Irr. Dist. v. Tregea*, 88 Cal. 334, 26 Pac. 237; *Crall v. Board of Directors of Poso Irr. Dist.*, 87 Cal. 140, 26 Pac. 797; *Smith v. Progressive Irr. Dist.*, 28 Ida. 812, 156 Pac. 1133.)

B. E. Stoutemyer, *Amicus Curiae.*

Even the California method, which is the farthest removed from apportionment in proportion to benefits, is held constitutional both by the supreme court of California and the supreme court of the United States. (*Fallbrook Irr. Dist. v. Bradley*, 164 U. S. 112, 17 Sup. Ct. 56, 41 L. ed. 369.) Clearly, apportionment in proportion to benefits is not necessary to sustain an irrigation district assessment from a constitutional standpoint. If it were, the irrigation district laws of California, Utah and Colorado would all be unconstitutional.

WILLIAM A. LEE, J.—In the instant proceeding, respondent, American Falls Reservoir District, by its board of directors, filed its petition in the district court for Twin Falls county, Idaho, and among other things alleges that it is a duly organized irrigation district under the laws of the state of Idaho; that its organization as an irriga-

tion district, the election of its first board of directors and the organization of the members of said board, as a board of directors, has been confirmed by a decree of the court, entered therein March 24, 1923; that this proceeding is in the name of reopening that proceeding.

This petition also alleges that about March 25, 1923, said board, by resolution, formulated a general plan for the district's proposed operations, in which is stated the property it proposes to purchase, the cost of the same and what construction work it proposes to do and how to raise the funds for carrying out said plans; that for the purpose of ascertaining the cost of the construction work, the board caused surveys, examinations and plans to be made which demonstrate the practicability of the same and the proper basis for an estimate of the cost of carrying out such plans; that such surveys, examinations, maps and plans, as estimated, were made under the direction of a competent engineer and certified by him, and were submitted to and approved by the Department of Reclamation; that thereafter the board determined the amount of money necessary to be raised to carry out these plans as formulated to be $2,700,000; that it submitted to the qualified voters of said district the proposals, (1) shall the district issue its bonds for the carrying out of these plans, in the sum of $2,700,000, and (2) shall its board be authorized to enter into an obligation with the United States in the form of a contract for the construction of the American Falls Reservoir and the furnishing to respondent district, by the United States, for its use and benefit, a proportionate share of the storage capacity of said reservoir in the amount of 300,000 acre-feet of such reservoir's total capacity; that the authorization to issue its bonds in the amount of $2,700,000 and for respondent district to contract to purchase from the United States this amount of storage water in the American Falls Reservoir was ratified by the qualified voters of the district, at an election duly noticed and held therein, and a decree of the said district court

confirming such proceedings was made and entered August 17, 1923.

This petition further alleges that in accordance with said authorization and ratification, by the qualified voters of respondent district, its board of directors entered into a contract with the United States June 15, 1923, for the purchase of a proportionate share of the storage capacity of the American Falls Reservoir in the amount of 300,000 acre-feet and for the payment to the United States of its proportionate amount of the cost of constructing this reservoir. The contract between respondent district and the United States is set forth *haec verba* in the record.

It is further alleged that said board apportioned its part of the cost of constructing this reservoir to the lands in the American Falls Reservoir District, about August 7, 1923, and that such apportionment for benefits was carried out in ten volumes designated "List Volumes numbered 1 to 10, inclusive," which list appears in this record as exhibit "F" and contains the names of the owners or reputed owners and a legal description of each separate tract or subdivision of land included within the district, the *pro rata* amount of benefits assessed and of costs apportioned to each tract, which the petition alleges was done in accordance with the requirements of law relating to the apportionment of benefits to lands and the apportionment and distribution of the costs of such works to the lands within the irrigation district.

In August, 1923, respondent district by its petition prayed for a decree of said court confirming the action of respondent board in entering into a contract with the United States June 15, 1923, which recited all of the proceedings which have been taken in calling an election of the qualified voters of the district, in conducting the election, returning the votes cast at such election and in declaring the result of such election to authorize the board to enter into a contract with the United States, and prayed that the proceedings be confirmed. A decree of said court confirming all of said proceedings was entered therein December 20, 1923.

C. S., sec. 4364, reads: "The board of directors of the irrigation district shall file in the district court of the county in which their office is situated a petition, praying in effect that the proceedings aforesaid may be examined, approved and confirmed by the court. The petition shall state generally that the irrigation district was duly organized and the first board of directors elected, that due and lawful proceedings were taken to issue bonds in an amount to be stated, and that said assessment, list and apportionment were duly made and a copy of said assessment, list and apportionment shall be attached to said petition, and that such bonds or a certain amount of such bonds have been legally sold or exchanged, as the case may be, but the petition need not state other facts showing such proceedings: *Provided,* That after the organization of the district is complete, a petition may be filed for the confirmation of the proceedings so far, or after the authorization of any issue of bonds such petition may be so filed or after the sale or exchange of any issue or any portion of an issue of bonds such petition may be so filed, and where the procedure is by separate petitions for the confirmation of different portions of said proceedings, subsequent proceedings may be in the name of reopening of the same case, but shall not be considered as authorizing any rehearing of the matter theretofore heard and decided."

The irrigation district law requires that the proceedings to create an irrigation district, the formulating of its plans to obtain water for the irrigation of the lands within the district, the apportionment of benefits and the distribution of costs of the same, to the separate tracts, the issuance and sale of bonds for the payment of this cost, the method provided for the levy and collection of taxes or assessments against the lands in the district upon the basis and in proportion to the benefits, for the payment of interest upon its bonds or other obligations, the creating of a sinking fund as provided by C. S., sec. 4359, must all be confirmed by a decree of the district court in the county wherein the district has its principal place of business.

With regard to respondent district the confirmation of a large part of the proceedings necessary to be taken in order to carry out its plans as formulated have already been taken by petitioner, as appears from the decree for the confirmation of the organization of the district entered March 24, 1923; the decree authorizing the district to issue bonds to the amount of $2,700,000 entered August 23, 1923, and the decree confirming the action of the district's board in entering into a contract with the United States entered December 20, 1923.

The petition in the instant proceeding was filed October 18, 1923, and appellant answered it December 21st thereafter. The decree from which this appeal is taken was entered January 23, 1924. From the record in this case, particularly the pleadings and decree, both parties appear to take the position that this appeal presents for review all the proceedings previously had which were adjudicated by the preceding decrees above mentioned. From the foregoing statute and other provisions of the irrigation district law we conclude that a decree of confirmation is conclusive as to all matters embraced in the proceedings had, where no appeal has been taken therefrom, unless such decree is assailed by a direct attack, or the statutory proceedings have not been taken in the manner prescribed by law. The statutes providing for a confirmation of any of the proceedings had do not contemplate that where a petition is presented to the court, for the confirmation of some subsequent action that has been taken by the district, it thereby opens for adjudication the decrees that have been previously entered. It will be observed that this is not an appeal from any of the decrees entered in former proceedings. The decrees of the district court above referred to confirm the proceedings mentioned therein, all of which appear to have been taken as required by law, and such decrees of confirmation appear to be in all respects regular.

Appellant makes numerous assignments of error. We think, however, that only those assignments that relate to questions presented by this record and which were not

presented or determined by any of the former proceedings above referred to can now be considered. Respondent's counsel so contend and the proviso in C. S., sec. 4364, reading, "where the procedure is by separate petitions for the confirmation of different portions of said proceedings, subsequent proceedings may be in the name of reopening of the same case, but shall not be considered as authorizing any rehearing of the matter theretofore heard and decided," supports this contention.

Appellant Thrall answers for himself and all other owners and holders of land located in Jerome county within the boundaries of respondent district who are similarly situated, and, among other things, alleges that he is the owner of land within said district, that the same is sufficiently supplied with water by the North Side Canal Company, and has appurtenant thereto a water right evidenced by water stock in said company; denies the corporate existence of respondent district, or that its board of directors was duly and regularly elected; denies that the proceedings for its organization, and the election of its first board of directors, were confirmed. The fourth paragraph admits that there was a decree confirming respondent as an irrigation district and the election of a board of directors, by the decree entered March 24, 1923. The answer thereafter denies the organization of respondent district, or the election of its first board, on the ground and for the reason that there was no sufficient petition filed with the county commissioners of Twin Falls county; that no sufficient notice of the presentation of the petition to said board for its organization was given; that no sufficient notice of hearing on said petition before the board of county commissioners was given, and no sufficient notice of the election for the organization of the territory into an irrigation district was given.

This denial is insufficient to put in issue in this proceeding these questions.

The answer admits that respondent's board formulated the general plans of its proposed operations; that these plans were submitted to the Department of Reclamation which ap-

proved them, but alleges that said plans are contrary to the statute in that they fail to provide that the district shall own canals, ditches or an irrigation system for the delivery of the water which is to be purchased from the United States, out of water to be stored in the proposed American Falls Reservoir.

The affirmative allegations of the answer found in paragraphs (a) to (h), inclusive, are not sufficient to draw in question the matters considered and determined by the former decrees. These objections made to the proceedings taken by respondent district, which have been confirmed, are stated by way of conclusions and are not a direct attack upon these former decrees, but a collateral attack. Paragraph (a) alleges that the petition for the organization of the territory into an irrigation district is insufficient to give the county commissioners of Twin Falls county jurisdiction to create an irrigation district; (b) that no sufficient notice of the presentation of the petition, or hearing upon the same before the county commissioners, was given as provided by law; (c) that no sufficient notice of the election which was held in the district was given as required by the statute. The other objections made are of like tenor and effect. None of them state specifically the facts upon which the pleader relies to show that the commissioners were without jurisdiction or that the notice of presentation of the petition, or of the hearing thereon before the commissioners, was insufficient, or in what respect the notice of election held for the organization of the district was not given as required by statute, or wherein the order of the county commissioners proclaiming the organization of the district is insufficient. These objections as pleaded are conclusions of law and do not tender any issue of fact. The allegation that the plan proposed is contrary to the statute, because it does not provide that the district shall own its own canals, ditches and irrigation system is too general in its terms to put in issue the sufficiency of the plans adopted by respondent board and approved by the Reclamation Department, even if that question could be raised in this proceeding.

Chapter 88, Sess. Laws 1923, p. 100, provides that any irrigation district now or hereafter organized, which includes lands lying under an existing irrigation canal from which the lands are entitled to receive water, may acquire an interest in any reservoir, or co-operate or contract with the United States, for additional water for such lands, which purchased water may be used through such existing canal in proportion to the amount such lands are assessed for such reservoir, not in excess of the amount of water that can be safely carried through such land owners' proportionate share of such existing canal. In view of this provision of the statute we do not think this allegation in the answer, if true, is sufficient to render the organization of respondent district illegal. If reasons exist why this statute is not applicable to this newly created district, or why lands within its area cannot be made liable for the purchase of stored water in a reservoir constructed by a third party, in this case the United States, because no adequate means for the delivery of such stored water to the lands exist, or has been provided for, such facts should be specifically set forth. An averment by way of a conclusion is not sufficient to raise this question since the enactment of the statute referred to.

It appears that in the present proceeding the confirmation of the action of the board of directors of the American Falls Reservoir District, a corporation, and all other persons acting in that behalf, in the matter of making the assessment of benefits and the apportionment of costs of construction and purchase on account of the construction of the American Falls reservoir, as such apportionment appears and is shown in the ten volumes designated "List Volumes numbered 1 to 10, inclusive," the same being apportioned and distributed over said tracts and subdivisions of land in proportion to said benefits as shown in said lists, was confirmed by the decree of the court below in this proceeding, and such confirmation appearing in all respects regular, such judgment of confirmation is hereby approved and affirmed.

We are of the opinion, and so hold, that aside from the confirmation of the apportionment of benefits above mentioned as required by C. S., sec. 4362, and the incidental questions considered, the only remaining questions presented by this appeal, upon the record before us, which we may consider and determine, is that part of the judgment and decree of the court below based upon the seventh conclusion of law and may be stated as follows: (1) Under the Idaho irrigation district law, C. S., chapter 175, and the acts amendatory thereto, are the bonds of the district a general lien upon the lands of the district, and must all of said lands be and remain liable for the district assessments levied for the payment of such obligations until the same are fully paid and discharged? (2) Does chapter 84, Sess. Laws 1923, p. 96, authorize the board of directors of an irrigation district to make an annual levy of fifteen per cent in excess of the amount required to meet the payment of principal and interest on its bonds, if all the district taxes were paid without delinquency, which fund must be used to meet any deficiency caused by delinquencies in the payment of assessments and to be kept intact and never reduced below ten per cent of the unpaid bonded indebtedness? (3) May the bonds or other obligations of an irrigation district contain a provision that the collection of the principal and interest of such bonds or other obligations shall be made by the county officers of the county in which the lands are situate, and when such condition is indorsed upon the obligation is it irrevocable until such indebtedness has been paid?

Respondents contend that irrigation district bonds are a general lien. Distinguished counsel have appeared *amici curiae* and filed briefs in support of this contention, and some have urged with great earnestness the expediency of having the irrigation district law so construed and suggest what they think will be the evil effect that may follow a contrary view. With this consideration we cannot be concerned. It is the province of courts to declare what the law is, not what in their judgment it should be.

C. S., sec. 4369, reads, ''Said bonds and the interest thereon shall be paid by revenue derived from the assessment upon the land in the district; and all the lands in the district shall be and remain liable to be assessed for such payment: *Provided,* That the payment of interest may be made in accordance with the provisions of Article 5, of this chapter.''

Article 6 of the irrigation district law, among other things, provides that the board of directors of any irrigation district organized under the laws of this state may issue negotiable coupon bonds, to be denominated refunding bonds, for the purpose of refunding any bonded indebtedness of the district, whether due or not due.

C. S., sec. 4382, which relates to the levy and collection of taxes for the payment of such refunding bonds, contains the following:

''Such taxes shall be levied and collected in the manner provided by law for the levy and collection of taxes for the payment of interest and principal of original bond issues, and such refunding bonds and the interest thereon shall be paid from the revenue derived from the annual assessment on the land in the district and all the land in the district shall be and remain liable to be assessed for such payment.''

Chapter 219, Sess. Laws 1921, p. 483, creates a reclamation district bond commission and prescribes its powers and duties, among which are the consideration of irrigation and drainage district bonds, the conditions under which such bonds shall be legal investments for all trust funds, and after requiring a complete investigation to be made on the part of this commission as to the character and value of the property thus bonded and a report of such investigation, provides that the state treasurer shall certify that such bonds are issued in accordance with the act and that they are a legal investment for all trust funds, for the funds of all insurance companies, banks, both commercial and savings, trust companies, surety and bond companies, and any fund which may be invested in county, municipal or school district bonds. That such bonds may be deposited as security for the performance of any act whenever the bonds of any

county, school district or other municipal corporation may be so deposited, it being entitled to such privileges by virtue of the findings and report of a reclamation district bond commission.

Chapter 84, Sess. Laws 1923, p. 96, provides that the board of directors of an irrigation district may, in order to improve its credit or the marketability of its bonds or to reduce the rate of interest thereon, insert in the contracts of bonds of the district, an agreement to provide for a safety fund by making levies of fiften per cent in excess of the amount which would be required if all taxes were paid without delinquency, until a safety fund of ten per cent of the unpaid bonded or contract indebtedness of the district has been created, and may provide for rates in compliance with such agreement.

Chapter 178, Sess. Laws 1923, p. 276 provides that an irrigation district may by resolution of its board adopt a plan of providing for the collection of the district's taxes by county officers whenever the county commissioners of any county within which the lands of the district are situate, by unanimous vote concur in and agree to such plan. The act further provides that after a district has adopted this method of collecting its taxes it may not revert to the collection of its taxes without the consent of the purchasers of its bonds or obligations where the plan for collection by county officers has been printed or indorsed upon its bonds, and that after such indorsement the provision for collection of its taxes by the county officers shall be irrevocable until such obligations have been paid.

C. S., sec. 4387, among other things, provides that the board shall levy an assessment upon the lands in said district upon the basis and in proportion of the list and apportionments of the benefits as provided in C. S., sec. 4362, sufficient to raise the annual interest on the outstanding bonds, and at the expiration of ten years after said issue the board must increase said assessments from year to year sufficient to raise a sum to pay the principal of such bonds, and this assessment constitutes a special fund to be called "Bond fund of —— Irrigation District."

C. S., sec. 4362, provides that: "Whenever the electors shall have authorized an issue of bonds as hereinbefore provided, the board of directors shall examine each tract or legal subdivision of land in said district, and shall determine the benefits which will accrue to each of such tracts or subdivisions from the construction or purchase of such irrigation works; and the cost of such works shall be apportioned or distributed over such tracts or subdivisions of land in proportion to such benefits; and the amount so apportioned or distributed to each of said tracts or subdivisions shall be and remain the basis for fixing the annual assessments levied against such tracts or subdivisions in carrying out the purpose of this chapter."

This provision of the irrigation district law was first added by sec. 2, Sess. Laws 1901, p. 194, then being an amendment to sec. 11, Sess. Laws 1899, p. 414.

This section has been frequently amended since its enactment in 1901 but the foregoing provision has been incorporated in each amendment in substantially the same language. It shows an intent on the part of the legislature to require the board of directors of an irrigation district, immediately after the election authorizing its creation and the election of the first board, to determine the benefits which will accrue to each tract or subdivision of land from the construction or purchase of such irrigation works and to apportion the cost against each tract or subdivision in proportion to the benefits it derives therefrom, and makes such apportionment the permanent basis of valuation for levying all subsequent assessments thereafter which the district is authorized to levy. That is, this apportionment for benefits, after having been fixed by the board and such apportionment affirmed by decree of the district court, stands as the permanent assessment, and equalization of the value of each separate tract or subdivision, and the basis upon which all subsequent levies, for any purpose, must be made.

Prior to this amendment requiring the apportionment and distribution of the cost of such works to be in proportion to benefits, the method provided by sec. 11, Sess. Laws 1899, p. 326, was probably unconstitutional in that it failed to

require such assessment to be according to benefits levied against such tract. (*Pioneer Irr. Dis. v. Bradley,* 8 Ida. 310, 101 Am. St. 201, 68 Pac. 295.)

From the foregoing provisions, we think that it was the intention of the legislature in the enactment of these various statutes to make the obligations of an irrigation district a general and not a specific lien against all the property of the district.

Plainly, if all the land in the district shall be and remain liable to be assessed for its indebtedness, which proviso is twice expressed in the statute, first in C. S., sec. 4369, and relates to the original bond issue, and again repeated in C. S., sec. 4382, which relates to refunding bonds, none of the lands within the district can be released from any of the district's indebtedness, except upon payment of the same. This intention is further indicated by the act creating a reclamation district bond commission and providing for the certification of irrigation district bonds, and also the provision requiring county officers to collect the taxes, and the creation of a safety fund.

Appellant contends that the resolution of the board of directors, to include interest for five years from July 1, 1923, in lieu of paying interest on the bonds to be issued under date of July 1, 1923, by revenue derived from the assessment on the lands in the district, is illegal and void. C. S., sec. 4371, appears to authorize this procedure and was enacted as an amendment to R. C., sec. 2405, by Sess. Laws 1915, p. 119. It provides:

"In any irrigation district now organized or hereafter to be organized, for any portion of the time from the time said bonds begin to bear interest until five years after the irrigation works of such district have been completed and water used in the irrigation of the lands in such district, in lieu of paying the interest on said bonds by revenues derived from the assessments on the lands in the district, the board of directors may pay any part of such interest with the proceeds of the sale of coupon bonds of such district to be issued and sold by them for said purpose."

Whatever objections may be urged against a system of municipal bonding that allows the amount of the bond issue to be in excess of the amount of money required to construct the proposed irrigation works, or, as in this case, to purchase from the United States 300,000 acre-feet of water to be impounded in the proposed American Falls Reservoir, in an amount in excess of the cost of such water, sufficient to cover the interest upon the bond issue for five years, unless the validity of the statute can be impugned, courts are without power to annul the proceeding of respondent district on this account. No constitutional objection is urged or suggested and none occurs to us. We are, therefore, bound to hold this provision of the law a legislative delegation of authority to an irrigation district to issue bonds in excess of the amount necessary to construct its works or purchase stored water from the government which excess may be equivalent to five years moratorium on the payment of interest on such bonds.

The plans provided for the construction of works or the payment of the cost of the same when such works are being constructed by a third party and assessing such cost against each separate tract or subdivision according to benefits upon principle does not greatly differ from that provided for the payment of general obligations issued by public corporations of the state, created solely for governmental purposes, such as counties, cities, towns and villages, for the construction of public improvements that are for the benefit of the entire municipal subdivision. An irrigation district is a public or a *quasi*-public corporation. (*Pioneer Irr. Dist. v. Walker*, 20 Ida. 605, 119 Pac. 304; *City of Nampa v. Nampa Irr. Dist.*, 19 Ida. 779, 115 Pac. 979; *Hertle v. Ball*, 9 Ida. 193, 72 Pac. 953; *Boise Irr. & Land Co. v. Stewart*, 10 Ida. 38, 77 Pac. 25, 321; *In re Bonds of Madera Irr. Dist.*, 92 Cal. 296, 27 Am. St. 106, 28 Pac. 272, 14 L. R. A. 755.) The method of levying taxes by an irrigation district to meet its obligations differs from that provided for the class of municipalities mentioned in one important respect. Corporations created solely for governmental purposes, unless otherwise provided, are supported by a general tax upon all

of the taxable property within the subdivision, which tax is levied by the taxing authority in the same manner that taxes are levied and collected for all other governmental purposes. That is, all taxable property within the exterior boundaries of the district is annually valued by the county assessor, except that assessed by the state board, and such assessment is equalized by the county commissioners as a board of equalization. The amount of money necessary to be raised, whether for current expense or for the payment upon bonded obligations, is certified to the proper officers and extended upon the general tax-rolls of the county to be collected in the same manner that other taxes are assessed and collected. While all property is subject to sale for a failure to pay the tax against it, those who do pay their taxes are not thereby relieved from their proportion of the .remaining obligation. It is well known that no property within a taxable subdivision is released from a bond obligation until such indebtedness is discharged and that a bondholder does not enforce his claim against any particular property in such district otherwise than by requiring the taxing authorities to make the necessary levies to pay such obligation.

The charters of cities and towns usually provide for the creation of special improvement districts therein, such as paving, sewers, sidewalks and the like, where the costs of such improvements are made a lien against each particular lot or subdivision and are not a general lien against all of the property. This is because the law authorizing the indebtedness for such improvements expressly so provides.

Upon the question of whether the bonds of an irrigation district are a general or special lien upon the property of the district the adjudicated cases are not in harmony. This, in a measure, is due to differences in the statutes of the several states relating to irrigation districts and the manner of creating obligations with which to acquire water for the lands within the districts.

In *Interstate Trust Co. v. Montezuma Valley Irr. Dist.*, 66 Colo. 219, 181 Pac. 123, it is held that irrigation district taxes under the irrigation district law of that state are only

local improvement or special assessment taxes and that the words "such additional amounts as may be necessary to meet any deficiency in the payment of said expenses theretofore incurred" found in the act do not confer any power upon the district to levy a cumulative tax; that a holder of warrants of a district cannot compel the directors to levy a cumulative tax on a claim of repudiation, for nonpayment of the warrants from the assessments levied, the law providing such holder a remedy by tax sale of the land, and a cumulative tax being inapplicable as it would charge the land owner for benefits conferred to his neighbor's land.

In *Nelson v. Board of Commissioners of Davis County,* 62 Utah, 218, 218 Pac. 952, it is held that a tax levied against property in an irrigation district, to meet its expenses and pay interest and sinking fund, is controlled by benefits received, and the owner cannot be assessed for a *pro rata* share of delinquencies of other owners in previous years except to the extent of fifteen per cent, which the county commissioners are authorized to add to the levy for that purpose.

In *Norris v. Montezuma Valley Irr. Dist.,* 248 Fed. 369, 160 C. C. A. 379, the court in construing the same law holds that the statutory obligation of a municipal or *quasi*-municipal corporation to pay its debt or to fix a rate of levy necessary to provide the amount of money required to pay its debt is not satisfied by an assessment and rate of levy sufficient to pay the debt if the taxes are collected, but requires that there be a sufficient assessment levy, and collection of taxes as levied, to pay the debt, and that this requirement is not violative of the constitutional provision that all taxation shall be uniform upon the same class of subjects.

In *Condit v. Johnson,* 158 Iowa, 477, 139 N. W. 477, that court in construing the Colorado statutes relating to the issuance of irrigation district bonds and the assessment on the lands of the district to pay such encumbrances holds that the lien created thereby is not a specific but a general lien against all the lands within the district.

In *State ex rel. Clancy v. Columbia Irr. Dist.,* 121 Wash. 79, 208 Pac. 27, the question as to whether irrigation district bonds are a general or special lien against the lands within the district is considered at length. The irrigation district law of that state with regard to the creation of irrigation districts and the issuing of bonds by such districts is more nearly analogous to the laws of this state than in the other jurisdictions mentioned. That court holds that an irrigation district is a municipal corporation as respects its contracts made in a manner prescribed by law; that bonds issued by such a district, under statutes containing provisions in legal effect the same as in the Idaho irrigation district law, are general obligations of the entire district, the same as those of an ordinary municipal corporation, the debts of which are incurred, and taxes levied to pay them, without considering the special benefit to the property affected, so that all the lands within the district are subject to taxation for payment of the entire obligation and not merely for their *pro rata* share. The court calls attention to the fact that no attempt is made to segregate the indebtedness, and no provision is made in the act for its segregation at any time. The Idaho act contains no provision for the segregation of a district's bonded obligation against any particular tract or subdivision within the district. If it be contended that the assessment for benefits and apportionment for costs is intended to be such a segregation and to limit the liability of the owner to the amount assessed against his land it may be replied that no method is provided for the enforcement of the lien against the separate subdivisions. If the holders of irrigation district bonds can enforce payment of the same only by a foreclosure proceeding against each particular tract or subdivision within the district for the amount assessed against it, it would defeat the purpose of the statute. The manner of equalizing the taxes or assessments required to be levied against each separate tract, in order to discharge the district's obligations, plainly indicates that it is the purpose of the law that these obligations shall be a general lien upon all of the

lands of the district. The method provided for the collection of these assessments or taxes to discharge the district's obligations differs from that provided for the collection of taxes to discharge the general obligations of other municipal subdivisions of the state only in the manner already pointed out. That is, in the inception of the proceedings to create an irrigation district and bond it to pay for the benefits that will accrue to the lands within such district, the assessments against the several subdivisions shall be according to the benefits that must be then fixed, and when so fixed remains the basis for all subsequent assessments.

It will be noted that there is a wide difference between the method pointed out by the statute for the payment of special district improvement bonds such as paving, sewer, sidewalk and the like, wherein the amount of such bonds is specifically segregated and apportioned to each separate subdivision, and the owner of any land within such district has the option to pay the entire assessment against his property and upon doing so to have it released from further liability under such bond issue. No similar provision is found in the irrigation district law, but on the contrary it is expressly provided that "all the land in the district shall be and remain liable to be assessed for such payment."

The validity of the various provisions of the statute considered and relied on, as supporting the views herein expressed, has not been raised by any of the numerous counsel that have appeared in this action. We have arrived at the conclusions above stated upon the assumption that these laws are not in conflict with any provision of our constitution. Counsel for appellant refers to *Elliott v. McCrea*, 23 Ida. 524, 130 Pac. 785, wherein it is held that the assessment of benefits provided for by chapter 16, L. '13, p. 58, is not a tax within the purview and meaning of sec. 5, art. 7 of the constitution, and under that act, where no benefits accrue no assessments can be made. We think that case is distinguishable from the case at bar and that the conclusions here reached are not in conflict with the holding in that case.

It results from what has been said that the judgment of the court below confirming the apportionment for benefits, as required by C. S., sec. 4362, is affirmed; that under the Idaho irrigation district law the bonds of respondent district are a general lien upon all of its lands within such district; that these lands are and must remain liable for the taxes or assessments levied to pay such obligations until the same are fully discharged; that the board of directors of respondent district may make an annual levy of fifteen per cent in excess of the amount required to meet the payment of principal and interest on these bonds, if all the district taxes were paid without delinquency, which fund must be used to meet any deficiency caused by delinquencies in the payment of any tax or assessment and such fund shall be kept intact and not reduced below ten per cent of the unpaid bonded indebtedness; that the bonds of respondent district may contain a provision that the collection of the principal and interest of such bonds, or other obligations, shall be made by the county officers of the county in which the lands so assessed or taxed are situate and that when such condition is indorsed upon the obligation it is irrevocable until the same has been fully paid.

The judgment of the court below as here modified is affirmed.   Neither party to recover costs on this appeal.

McCarthy, C. J., and Budge and Wm. E. Lee, JJ., concur.

(July 23, 1924.)

ON REHEARING.

[228 Pac. 244.]

IRRIGATION DISTRICT LAW—CONFIRMATION PROCEEDINGS—RES JUDICATA —ASSESSMENTS — BASED ON BENEFITS — A GENERAL LIEN — LAW CONSTITUTIONAL.

1.  In a proceeding to confirm the organization of an irrigation district the jurisdiction of the court to confirm is not defeated because of a failure to give notice of the hearing before the board of county commissioners prescribed by C. S., sec. 4318,

since the proceeding is *in rem* and the objection was available and could have been raised at the confirmation proceedings, of which notice was given.

2. When proceedings to organize an irrigation district are on their face regular, show a substantial compliance with the statute prescribing the method of organizing such district and have been confirmed by a judgment of the district court, from which no appeal has been taken, the question of the validity of the district's organization is *res judicata* and therefore cannot be attacked in a subsequent proceeding to confirm the assessment of benefits.

3. Under the Idaho irrigation district law assessments levied against property of a district are based upon benefits which will accrue from the construction of the system proposed.

4. The method which the legislature has provided for the organization of an irrigation district and the assessment of lands within such district according to the cost of the system and benefits to the lands is within its constitutional power and constitutes due process of law and is not the taking of property without just compensation, and, when exercised as required by law, binds all the lands within the district and the owners thereof.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge. *Affirmed* on rehearing.

WILLIAM A. LEE, J.—Counsel for respondents petitioned for a rehearing. They and others appearing *amici curiae* suggest that, the statement in the opinion to the effect that neither of the parties having questioned the validity of the statutes considered, their validity would be assumed without further consideration, raises a question as to the constitutionality of the law. Where neither party challenges the validity of a statute a contention that the court's failure to do so raises a question as to its constitutionality is an unwarranted assumption.

In view of neither of the parties in the former hearing having raised any question with regard to the validity of Sess. Laws 1921, chap. 218, p. 483, and Sess. Laws 1923, chap. 84, p. 96, chap. 88, p. 100, amendatory to the irrigation district law, C. S., title 33, chap. 175, which were con-

sidered as having been passed to make plain the purpose of the legislature that the bonds of an irrigation district shall be general and not special obligations, a rehearing was granted and a reargument of the case has been had.

The lands included in respondent American Falls Reservoir District are almost entirely made up of lands that are within the territory of canal companies already completed and operating, under the management and control of their respective organizations, as they now exist. The creation of respondent district is for the purpose of providing an additional supply of water to the users of water under these already constructed systems. We understand that it is not intended that this newly organized district shall take over, supplant or otherwise interfere with the management or control of the existing systems as they are now operating, except in so far as the use and application of this additional supply of water to these lands through the present systems may require.

The constitutionality of the irrigation district law, C. S., title 33, has been so frequently sustained that it is no longer open to question. (*Pioneer Irr. Dist. v. Bradley*, 8 Ida. 310, 101 Am. St. 201, 68 Pac. 295; *Nampa etc. Irr. Dist. v. Brose*, 11 Ida. 474, 83 Pac. 499; *Knowles v. New Sweden Irr. Dist.*, 16 Ida. 235, 101 Pac. 87, on rehearing; *Progressive Irr. Dist. v. Anderson*, 19 Ida. 504, 114 Pac. 16.) Many of these decisions refer to and approve the holdings of other courts sustaining the Wright Act, Laws of California, 1887, p. 29; Henning's General Laws of California, 1920 ed., p. 1221 et seq., which is very similar to the Idaho law. Among the decisions sustaining its constitutionality are the following: *Turlock Irr. Dist. v. Williams*, 76 Cal. 360, 18 Pac. 379; *Crall v. Board of Directors Poso Irr. Dist.*, 87 Cal. 140, 26 Pac. 797; *In re Madera Irr. Dist.*, 92 Cal. 296, 27 Am. St. 106, 28 Pac. 272, 675, 14 L. R. A. 755; *Cullen v. Glendora Water Co.*, 113 Cal. 503, 39 Pac. 769, 45 Pac. 822, 1047: *In re Central Irr. Dist.*, 117 Cal. 382, 49 Pac. 354; *People v. Linda Vista Irr. Dist.*, 128 Cal. 477, 61 Pac. 86; *Escondido High School Dist. v. Escondido Seminary*, 130

Cal. 128, 62 Pac. 401; *Fallbrook Irr. Dist. v. Bradley*, 164 U. S. 112, 17 Sup. Ct. 56, 41 L. ed. 369.

Respondents do not contend that this appeal is from the judgments of confirmation entered in the district court March 24, 1923, August 17, 1923, and December 20, 1923, which decrees confirmed respectively (1) the organization of the district, (2) the authorization of the bonds issued, and (3) the authorization and execution of the contract with the United States. They do contend, however, that the record in this proceeding presents for review all of the proceedings had and determined by these former proceedings which culminated in these several decrees, and that C. S., sec. 4364, requires the court in this proceeding to reaffirm all of those former proceedings and declare that the decrees mentioned are *res judicata* and bind all the world against any attack of any character whatsoever. Respondents offer to withdraw their objection made in this proceeding to the admissibility of certain testimony on the ground that said former proceedings and decrees entered therein were *res judicata,* so that this court may now reconsider the matters adjudicated by the former proceedings which appear in the record and were admitted in evidence without objection as Exhibits "A," "B" and "C." Respondents also contend that appellants' answer in this proceeding is a direct and not a collateral attack upon these former decrees, and that this court may now consider whether the notice required by C. S., sec. 4318, was published as required by law, which is one of the errors particularly relied upon by appellants for invalidating the organization of the district, on the ground that the failure to give it was jurisdictional. If we understand respondents' position it is that although these former decrees are *in rem,* were not appealed from and have become final as against all the world, it is still necessary to determine the questions presented by this proceeding and to consider all of these former proceedings and declare they are "as to all parties interested in the subject matter and as to all the world final and conclusive, and the questions therein disposed of are *res judicata.*"

The purpose of this proceeding, as stated in the petition, is "for examination, approval and confirmation of the apportionment of benefits and of the cost of construction of the American Falls Reservoir . . . . and of the purchase of a proportionate share of the storage capacity . . . . from the United States."

The decree in this proceeding, among other things, recites:

"That all and singular the proceedings and actions of the board of directors of the American Falls Reservoir District, the officers of said district and all persons acting in the premises, in the assessment of benefits and the apportionment of costs of construction and purchase on account of the construction of the American Falls Reservoir at American Falls, Idaho, and the purchase of a proportionate share of the storage capacity thereof and of the water to be made available therein, by the American Falls Reservoir District, be and the same hereby are confirmed. . . . . That all of the lands within the present boundaries of the American Falls Reservoir District have been and will be benefited by the organization of the territory described in the order of organization by the county commissioners as an irrigation district; that the amount of the benefits which will accrue to each lot, tract or subdivision . . . . are shown upon the list of the apportionment for benefits which comprise ten (10) bound volumes. . . . . That the board of directors caused to be made a list of said apportionments and distribution as last above stated; that said list contains a complete description of each lot, tract or legal subdivision . . . . with the amount and rate per acre of said apportionment and distribution of costs and the name of the owner thereof. . . . . That the bonds of the American Falls Reservoir District may be made available for the purposes stated in sec. 7, chap. 218, Idaho Compiled Laws (Session Laws) for the year 1921. . . . . That the resolution adopted by the board of directors . . . . assessing the benefits and apportioning the costs of construction and purchase, under date of August 24, 1923, was and is valid and constitutes a binding obligation on the part of the American Falls

Reservoir District as to the matters and statements therein contained. . . . . That the decree heretofore entered in this court in the matter of confirmation of the organization of the American Falls Reservoir District, of the authorization of bonds in the sum of $2,700,000.00, and the authorization . . . . of a contract with the United States . . . . were and are as to all parties interested in the subject matter and as to all of the world final and conclusive, and the questions therein disposed of were and are *res judicata.*"

It is a matter of common knowledge that bonds about which there is no question as to their validity and payment at maturity can be sold for more than bonds which are liable to be assailed and questioned years after their issuance, and that bonds of doubtful validity are reluctantly taken at any price. It was doubtless for the purpose of settling this class of questions in advance and thereby making the bonds of irrigation districts more readily salable and at better prices than they would otherwise command that the legislature passed the confirmation acts providing that districts might, before offering their bonds, have all questions affecting their validity judicially and finally determined. The confirmation proceeding is in the nature of a proceeding *in rem,* the object being to determine the status of the district and its power to issue valid bonds. (*Crall v. Board of Directors Poso Irr. Dist., supra; Fogg v. Perris Irr. Dist.,* 154 Cal. 209, 97 Pac. 316; *Pioneer Irr. Dist. v. Bradley, supra; Nampa etc. Irr. Dist. v. Brose, supra; Emmett Irr. Dist. v. Shane,* 19 Ida. 332, 113 Pac. 444; *Progressive Irr. Dist. v. Anderson, supra.*)

In a proceeding to examine, approve and confirm the assessments for benefits and the apportionment of costs assessed against the lands in an irrigation district for constructing or purchasing a proposed irrigation system, it must necessarily be determined as an incident to such confirmation that there is such a district. In the instant proceeding, to establish the existence of the district, respondents offered and there was received in evidence a certification of the proceedings had to create this district.

Upon the confirmation of such proceedings the lower court specifically found, in accordance with the requirements of C. S., secs. 4313 to 4328, (1) that the required number of holders of title to lands signed the petition for organization; (2) that this petition was presented to the board of county commissioners of the proper county, together with maps and cross-sections; (3) that it was accompanied by a duly approved bond; (4) that a general notice of the filing of a petition for the organization of an irrigation district was given, and that notice of the hearing on said petition was given in a newspaper published in all the counties wherein any land of said district was situated; (5) that the notice required by C. S., sec. 4318, of the time of the hearing upon said petition was published in a newspaper in each and every county in which any part of said district is situated; (6) that a copy of said petition and all maps and other papers filed with the same were filed in the office of the Department of Reclamation; (7) that an order was made by the county commissioners of Twin Falls county describing the lands determined to be included in the district and stating that such lands would be organized into an irrigation district if the vote of the electors be favorable, and in the finding there follows a description of each separate subdivision of the lands in such district; (8) that said board of county commissioners divided the district into seven divisions; (9) that said commissioners gave notice of an election to be held in the proposed district for the purpose of determining whether or not the territory should be organized into a district and designated the manner of voting for or against said district; (10) that the said county commissioners established seven election precincts; (11) that immediately after said election the board canvassed the vote cast at such election and found there were 7,228 votes cast for the organization of the district and 1,254 against its creation, and therefore declared the territory duly organized as an irrigation district under the name and style of the American Falls Reservoir Irrigation District, and the seven persons named as voted for to be the duly elected directors

of such district; (12) that said commissioners did on January 22, 1923, cause a copy of the order declaring said district organized, entered upon its minutes and certified the same for record in the offices of the county recorders in the several counties mentioned, which order contained a particular description of the lands included; and thereafter the persons named as directors of said district organized as a board and designated Twin Falls in Twin Falls county as the place within the district for the principal office of said board of directors, and the board of directors appointed a secretary and treasurer.

All these findings made by the lower court are supported by the record, except as to the giving of the notice designated in C. S., sec. 4318, hereafter considered, and all the proceedings taken in connection with the organization of said American Falls Reservoir District were regular and lawful. The conclusions that the territory embraced within the order of the county commissioners of Twin Falls county was duly organized as an irrigation district under the laws of the state of Idaho under the name and style of "American Falls Reservoir Irrigation District," that it was legal and valid and the territory therein described was legally organized as an irrigation district, that the seven directors named were duly and lawfully elected, are in accordance with said findings. The decree of confirmation entered thereon is in accordance with said findings and conclusions.

The subsequent proceeding for the examination, approval and confirmation of the authorization of an issue of bonds of the American Falls Reservoir District for $2,700,000, and the record of the proceeding for examination, approval and confirmation of a contract for the construction by the United States of the American Falls Reservoir and furnishing to the American Falls Reservoir District a proportionate share of the storage capacity of said reservoir to the maximum amount of 300,000 acre-feet, and the decrees entered thereon confirming said action of the board of directors, appear in all respects regular and to conform to the requirements of the statute authorizing the same.

*Nampa etc. Irr. Dist. v. Brose, supra,* was a proceeding to obtain a judicial confirmation of the organization of an irrigation district and of the proceedings relating to the issuance of bonds for the enlargement of an existing canal system. In construing sec. 19, Sess. Laws 1903, p. 168, the court says:

"Under the provisions of section 19 of said act, the court is empowered and is given jurisdiction upon the hearing of this proceeding, to examine and determine the legality and validity of, and approve and confirm each and all of the proceedings for the organization of such district under the provisions of said act, from and including the petition for the organization of the district, and all other proceedings which may affect the legality or validity of such bonds and order for the sale, and the sale thereof. . . . . "

This section was amended by the proviso in C. S., sec. 4364, which provides for the filing of separate petitions for the confirmation of different portions of the proceedings and that subsequent proceedings may be in the name of reopening of the same case, but shall not be considered as authorizing any rehearing of the matter theretofore heard and decided.

In *Progressive Irr. Dist. v. Anderson, supra,* under the section as amended, it is held:

" . . . . the board of directors of an irrigation district may go into the district court for confirmation of all of the proceedings, and the entire proceedings in regard to the organization of a district may be confirmed in the one action. While the laws of 1903 do not expressly authorize separate confirmation proceedings at different stages of the matter, said act as amended by sec. 2401, Rev. Codes (C. S., sec. 4364), authorizes a proceeding for confirmation after the organization of the district is completed, or after the authorization of bonds, and again after subsequent proceedings. . . . . While it was not necessary to have the former proceedings reconfirmed, the decree of reconfirmation did not deprive the district of any rights it acquired under the first decree. It may not have given the district any

further rights than it then had, and even if the pleader had not plead the first decree, the second petition would have authorized a decree confirming said entire proceedings."

In *Smith v. Progressive Irr. Dist.*, 28 Ida. 812, 156 Pac. 1133, it is held that where one has lands that he claims should be excluded from an irrigation district, he may assert his right at the confirmation proceedings, but if he fails to do so he cannot afterward complain, citing *Knowles v. New Sweden Irr. Dist., supra,* and again declaring that the proceedings relative to the organization of an irrigation district and the decree of confirmation by the court, are proceedings *in rem* and that constructive service of the notice is all that is required. (See also *Emmett Irr. Dist. v. Shane, supra.*)

These decisions hold that since the amendment of 1907 to C. S., sec. 4364, the directors of an irrigation district may go into court for confirmation of all the proceedings taken and have the same confirmed in one action, or may petition for the confirmation of any part of the proceedings, but when subsequent confirmation proceedings are had it is not necessary to have former proceedings reconfirmed, and a decree of reconfirmation does not deprive the district of any rights and does not give it any additional rights.

The former opinion in the instant case holds that as to all proceedings that were confirmed by the preceding decrees no additional rights are obtained by having a reconfirmation. However, in view of the urgent request of respondents to have examined the several judgment-rolls, "A," "B" and "C," and, as stated, find the statutory requirements upon which these decrees are based to have been followed, with the exception that the notice of the hearing before the board of county commissioners for the organization of the district, required to be given by C. S., sec. 4318, was not published in Jerome county. We are of the opinion, however, that this is not sufficient to invalidate the organization of this district. As held in the former opinion, the allegation of the answer "(b) That no

sufficient notice of the presentation of the petition or of the hearing on the petition before the County Commissioners was given as required by law'' is not sufficient to raise this issue. To allege *insufficient* notice is an admission that appellants had some kind of notice. To allege that notice was not given ''as required by law'' is pleading a conclusion of law.

But waiving the insufficiency of the plea and considering the question upon merit, it was incumbent upon appellants —this being a proceeding *in rem*—to appear at the confirmation proceedings, of which due notice was given, and challenge the jurisdiction of the court to confirm the action of the board of county commissioners to create the district, if appellants contended that the notice required to be given by the statute was insufficient or had not been given.

In *Fogg v. Perris Irr. Dist., supra,* the validity of the organization of an irrigation district was challenged because 42 of the 50 signers required to the petition were not *bona fide* freeholders. The court said:

''We do not doubt that this was a fraud on the board, if concealed from it . . . . or that it would be a fraud upon the law and upon the property owners of the district, . . . . and that when shown to the court on a proceeding for confirmation, it would be sufficient cause for declaring the organization of the district invalid. It did not, however, make the organization of the district absolutely void, but only voidable. . . . . The purpose of the act of 1889, in providing for an adjudication as to the validity of the district, was to furnish a barrier against subsequent attacks upon the ground of such frauds in the organization of the district, and thereby to protect its bondholders. . . . . We think that the fraud alleged, although sufficient to have made the organization invalid if shown upon the hearing of the proceedings for confirmation, was not sufficient to deprive the court in that proceeding of jurisdiction to make the adjudication which is here sought to be vacated.''

See, also, *Crall v. Board of Directors Poso Irr. Dist., supra.*

Aside from the failure to publish in Jerome county the notice of the hearing before the board of county commissioners, which was subsequently cured, the proceeding to organize the district appears upon the face of the record to be regular and to show the district was created. It thereby became *prima facie* a *quasi*-municipal corporation, with defined boundaries established and recorded. This record constitutes constructive notice of the location of the boundary lines to all the inhabitants of the district and to the world.

Upon this rehearing appellants advance the contention that if the amendatory acts of 1921 and 1923 are construed in connection with the law as it was prior to their enactment, to make the bonds of an irrigation district general obligations against all of the lands of the district and to give the board of directors power to levy such additional assessments as may be necessary to meet any deficiency that may arise by reason of delinquencies, then the irrigation district law, when so construed, is unconstitutional because it would charge the lands upon which the assessments were paid for the benefits conferred upon lands that are in default, and this would be taking property without due process of law and without just compensation.

It must be conceded that if the bonds of an irrigation district and the interest thereon are to be paid by revenue derived from assessments upon the land in the district, and that all land within the district shall be and remain liable to be assessed for such payment, as provided by C. S., sec. 4369, it necessarily results in the lands that do not default in payment being assessed to meet the deficiency caused by the defaulting lands.

If the board of directors of any irrigation district, in order to improve its credit and the marketability of its bonds, or to reduce the rate of interest thereon, may lawfully insert into such contracts an agreement for a safety fund and provide such fund by making levies in excess of the amount which would actually be required if all taxes were paid without delinquency, as provided in Sess.

Laws 1923, chap. 84, p. 96, it may be that the assessments against some of the lands will be used to create this safety fund that will be taken to pay the delinquencies upon lands that do not pay.

The power of the legislature to levy a tax for governmental purposes is unlimited, except as such power may be restrained by the fundamental law. It was early said by Marshall, C. J., in *McCulloch v. Maryland,* 4 Wheat. (U. S.) 316, 4 L. ed 579, that the power to tax "is an incident of sovereignty and is coextensive with that to which it is an incident. All subjects over which the sovereign powers of states extend are objects of taxation."

Under the power to tax, which is one of the highest attributes of sovereignty, the title of the delinquent owner may be divested by sale. Where a tax for governmental purposes has been levied against property, the benefit from such taxation is conclusively presumed, and if levied in accordance with law the taxpayer cannot question the validity of the tax upon the ground that he is not benefited thereby.

The legislature is vested with the whole of the legislative power of the state and may deal with any subject within the scope of civil government, except so far as it is restrained by the provisions of the constitution, and is the sole tribunal to determine as well the expediency as the details of all questions of organized society, and is limited by such necessity, and its powers can be exercised only by some demand for the public use or welfare. And whether the tax be by direct imposition for revenue or by assessment for a local improvement, it is based upon the theory that it is in return for the benefit received by the person who pays the tax, or by the property which is assessed. (*In re Madera Irr. Dist., supra.*)

In *Oregon Short Line R. R. Co. v. Pioneer Irr. Dist.,* 16 Ida. 578, 102 Pac. 904, it is held:

"The statute of this state authorizes the board of county commissioners to include within the boundaries of an irrigation district all lands which in their natural state would

be benefited by irrigation and are susceptible of irrigation by one system; and this is true regardless of the question as to what particular use is being made of any particular tract or piece of land at the time the district is organized.''

The Idaho irrigation district law, since its enactment in 1895, has been frequently amended and modified to make it more applicable to existing conditions, but it has always recognized as a basic principle of the law, that the assessments levied by virtue of its provisions differ from a general tax levied for governmental purposes in the important particular that such assessments can only be levied upon the basis of benefits.

C. S., sec. 4359, requires that the board of directors of an irrigation district, as soon as practicable after its organization, shall by resolution formulate a general plan of the district's proposed operations which shall state what works are to be constructed or property purchased, the cost of the same and how it is proposed to raise the funds for carrying out the plan.

C. S., sec. 4362, provides that whenever the electors shall have authorized an issue of bonds the board shall examine each tract or legal subdivision of land within the district and determine the benefits which will accrue to each of such tracts from the construction or purchase of the irrigation works, and the cost of such works shall be apportioned or distributed to each subdivision in proportion to its benefits, and the amount apportioned to each subdivision shall be and remain the basis for fixing the annual assessments thereafter levied against each tract in carrying out the purpose of the district's organization.

Early in the history of this law, in *Pioneer Irr. Dist. v. Bradley, supra,* this court held that assessments can be levied upon the lands of an irrigation district only upon the basis of benefits to such lands. The law then provided that assessments might be levied according to the value of the land, which provision was thought to be unconstitutional because assessments were not required to be according

to benefits, and the statute was accordingly amended to require the assessments to be according to benefits.

In *Nampa etc. Irr. Dist. v. Brose, supra,* it was urged that the law did not contemplate including towns or villages within an irrigation district, but the court said that if the lands within towns or villages in such district will be benefited by irrigation under the proposed system, there is no ground upon which the court can say that their inclusion is void.

The opinion in *Knowles v. New Sweden Irr. Dist., supra,* was modified upon rehearing to the effect that the plaintiff in that action could not collaterally attack the organization of the district, the assessments and decree confirming the same. The opinions all hold that the foundation of the right to levy assessments by an irrigation district is based upon the benefits that will accrue to the lands of the district.

In *Smith v. Progressive Irr. Dist., supra,* the court recognized the principle when it said that no doubt if appellants had appeared at the confirmation proceedings and showed to the court that their lands would not be benefited, it would have excluded them from the district. In *Nampa & Meridian Irr. Dist. v. Petrie,* 37 Ida. 45, 223 Pac. 531, the court, in construing C. S., sec. 4362, upon rehearing, said that an assessment for a drainage project based upon benefits must, like an assessment for any other public improvement, be based upon benefits immediately accruing or which will clearly accrue from the construction of the work.

The irrigation district law requires that after the electors have authorized an issue of bonds the board of directors are required to examine each tract in the district and determine the benefits which will accrue to each subdivision from the construction or purchase of the proposed irrigation works, and the cost of such work must be apportioned over the entire tract in proportion to the benefits. The board shall then make a list of such apportionment, which must contain a description of each tract in the district and the amount and rate per acre of such apportionment or distribu-

tion of costs and the name of the owner. Any assessments made thereafter shall be spread upon the land in the same manner.

The list volumes in the instant case, numbered 1 to 10, inclusive, comply with these requirements and give the name of the owner, a description of the lands, with the irrigable area and the amount of benefits assessed, and the cost apportioned to each subdivision. These were all accessible to all persons in the district at the confirmation proceedings. It appears from these assessment-rolls that the amount of benefits assessed by the board is double the amount of the cost apportioned and that all the lands in the district are assessed in exact proportion to the amount of water to be furnished from this reservoir to the lands. While the total assessments against the lands in the different subdivisions of the district varies greatly, this variation is due to the amount of water apportioned to each particular tract, the cost per acre-foot being the same to all of the lands, showing that the board found a wide variation in the amount of water required for different lands within the district. All this was a proper subject of inquiry for the board, and the apportionment was made after notice had been given of the time and place of this hearing. Notice of the confirmation proceedings was given, and the owners of all land assessed were entitled to appear before the court in this proceeding, in which the court was authorized to correct all errors in the assessment, apportionment and distribution of costs. This constitutes due process of law and is not a taking of property without compensation.

The method which the legislature has provided and which has been followed is clearly within its constitutional power, and the law is valid and the proceedings had bind all the lands within the district and the owners thereof.

For the reasons given in the original opinion, as supplemented by this opinion on rehearing, the judgment of the district court is affirmed. No costs are awarded.

McCarthy, C. J., and Budge and Wm. E. Lee, JJ., concur.